## COMMONWEALTH *versus* WEST BOSTON BRIDGE.

Whether the commissioners of highways, having, upon an application for a highway, laid out a part of the way prayed for and made return of their doings to the Court of Sessions, might subsequently, without a new application, proceed to lay out another part of the way prayed for, *quære.*

On certiorari this Court may quash one part of the proceedings and affirm the other part, where the two parts are independent of and unconnected with each other.

Thus, where the commissioners of highways adjudged part of a highway prayed for to be of common convenience and laid it out as a highway, and made return of their doings, and subsequently adjudged another part to be of common convenience and laid it out as a highway, and made return of their doings, the proceedings in regard to the first part of the way, which were regular, were affirmed, and those in regard to the other part, which were irregular, were quashed.

But where the commissioners, in pursuance of one adjudication, that a highway between certain termini was of common convenience and necessity, laid out a part of it illegally, their proceedings in relation to the whole were quashed.

CERTIORARI to the county commissioners. By the return of the commissioners it appears, that at a meeting of the commissioners of highways on November 14, 1826, upon the petition of Atherton H. Stevens and others for a new highway from Davenport's tavern in Cambridge to Canal Bridge, the commissioners of highways adjudge that public convenience and necessity require that a part of the highway prayed for should be laid out ; and as to the remainder of the highway prayed for, they defer the consideration and decision thereon to a future meeting. They then proceed to lay out the part adjudged to be of common convenience and necessity, and make a return of their doings to the Court of Sessions. It further appears, that at a meeting on October 23, 1827, the commissioners of highways, upon the same petition, adjudge another part of the new highway prayed for, to be of common convenience and necessity, and they lay it out and make return of their doings to the Court of Sessions. Of this part of the new highway thirty-one rods and a half were laid out over and upon the Middlesex turnpike road, and in awarding damages to persons over whose land the highway was laid out, the commissioners of highways award to the proprietors of West Boston Bridge, as lessees of the turnpike corporation, the sum of 200 dollars.

Upon this return of the county commissioners, *F. Dexter*, of counsel for the proprietors of West Boston Bridge, upon

whose petition the writ of certiorari was awarded, moved that these proceedings of the commissioners of highways and of the Court of Sessions be quashed.

SHAW C. J. delivered the opinion of the Court. It seems that among the papers of the late Chief Justice *Parker* has been found, since his decease, a manuscript opinion in this case, which has been printed in 10 Pick. 272. It was founded upon the petition for a certiorari, and it determines that the commissioners of highways are not authorized to lay out a highway over an existing turnpike road. But the opinion proceeds as follows : — " The commissioners having acted upon the application for this new road and adjudged it to be for the common convenience to a certain extent, and made return of their proceedings, which were recorded, were *functi officio* in regard to this new road upon that application. Their further proceedings without an application are void, as a judgment of a court without a writ would be." Now my brethren upon the bench do not recollect that this point was so decided, nor was the determination of it necessary, as the proceedings of the commissioners were erroneous upon a different ground, and the one, upon which the cause was in fact decided. I refer to the point, rather for the purpose of saying that it is still an open question, than because it has any immediate bearing upon the present motion.

Since that opinion was given and upon the return of the writ, a question has arisen and been somewhat discussed, namely, what judgment ought to be given ; whether the whole proceedings must be quashed, or whether that part of the doings of the commissioners, which lays out the new road on the turnpike, can be quashed, leaving the remainder of those proceedings in force and valid. The rule upon this subject was fully considered and settled in the case of *Commonwealth* v. *Blue Hill Turnpike*, 5 Mass. R. 420. It appears to be well settled, that upon the return of a writ of certiorari, the Court will not enter a new judgment, where the proceedings are found erroneous ; but if the proceedings are so independent of, and disconnected with each other, that a part may be quashed, and leave the remainder an entire, beneficial and available judgment to the purposes for which it was intended,

the Court may quash that which is erroneous, and affirm the remainder.

In applying this rule the question is, whether that part of the proceedings of the commissioners, which laid out the highway on the turnpike, could be quashed, and leave the remainder an entire and beneficial measure, and consistent with the general intent and purpose of the commissioners. As the turnpike was already a highway, which the public had a right to use, that section of it, over which the highway was laid, so connects itself with the other parts laid out by the commissioners, that the whole may be considered as a useful highway. But on the other hand, it is manifest that it was the intent of the commissioners to make the whole a free road, and in effect to discontinue the turnpike, and the allowance of damage to the lessees of the turnpike strongly confirms this presumption. Had the whole been done by one judgment, given at one time, it would have been impossible for the Court judicially to know that the commissioners would have laid out the two sections which are not on the turnpike, had they believed that there was any legal invalidity in their proceeding in regard to the intermediate section. The Court could not in that case perceive that these parts were so disconnected or independent, that part could be quashed and the remainder affirmed, conformably to the principle already stated.

But it appears that, in the proceedings upon this subject, there were two distinct adjudications and returns by the commissioners. Upon the first they proceeded to adjudicate upon the common convenience and necessity of a certain section of the highway prayed for, and to lay it out and make return of their doings to the Court of Sessions, reserving the determination of the other part, for future consideration. Afterwards, a further adjudication and return were made, in regard to the other section. It was in the latter proceeding that the commissioners exceeded their authority, in laying the highway upon the turnpike. These two proceedings and adjudications are wholly distinct and independent of each other, and the validity of the former can in no way be affected by the irregularity in the latter. Had no second adjudication ever taken place, the first was complete and would have remained so. The consequence

17 *

<div align="right">
Common-<br>
wealth<br>
v.<br>
West Boston Bridge.
</div>

<div style="margin-left:2em">
Common-<br>
wealth<br>
· v.<br>
West Bos-<br>
ton Bridge.
</div>

therefore is, and this is the judgment of the Court, that all that part of the judgment and proceedings of the commissioners embraced in their second return to the Court of Sessions, be quashed, and held to be void and of no effect, and that all that part of their proceedings embraced in their first return, be affirmed.