## INHABITANTS OF MINOT *versus* CUMBERLAND CO. COM.

A *certiorari* will not be granted to quash the proceedings of the county commissioners relative to the assessment of damages occasioned by the laying out of a town way, on the ground that the application for damages was not filed in the clerk's office within one year, where it appears that the application was found on the clerk's files, after the expiration of the year, without any entry or proof of the time of filing, but bearing date before the expiration of the year, and no objection is made on that ground to the appointment of the committee, or to their proceeding to act in the matter.

Nor does it furnish sufficient cause for granting the *certiorari*, that where there was no town agent, the selectmen agreed upon a committee to act in the matter, instead of a jury, and the town appeared by an attorney before the committee and before the county commissioners on the return of the report, without making that, a ground of objection.

Whether the applicant for damages occasioned by the location of a town way, is or is not the owner of the land, is one of the questions to be determined by the jury or committee on the hearing of the parties, on such application.

A general allegation in the petition for a *certiorari*, that the committee were actuated by motives of gross partiality, is too uncertain and indefinite to require the consideration of this Court.

THE facts, so far as they can be discovered from the papers in the case, are stated in the opinion of the Court. The case came before the Court on a petition for a *certiorari,* to the end that certain proceedings of the commissioners in relation to the estimation of damages by the laying out of a road be quashed.

*J. C. Woodman,* for the petitioners, said he should take four grounds, either of which was sufficient to show that the proceedings were illegal, and ought to be declared to be void.

1. The application for damages was not filed within one year after the way was laid out, as the statute requires. Rev. Stat. c. 25, § 36. It should appear by the records, that it was so done.

2. The committee who estimated the damages had no authority to act in that matter. The selectmen, the only persons agreeing to their appointment, had no authority whatever for that purpose. It can be done legally by the town agent

only; and if there be no agent, then the other mode, by means of a jury, is to be pursued. Rev. Stat. c. 25, § 31.

3. The proceedings were wholly illegal and void, and no acceptance of the report of the committee could cure the difficulty. It was their duty to determine the ownership of the land, so far as to ascertain whether the claimant was entitled to damages or not.

4. The county commissioners have power to accept or reject the doings of the committee. If there are errors on the face of their report, and the commissioners accept it, their own acts are illegal in so doing. And if the commissioners refuse to receive evidence to show the misconduct of the committee, that is an error on their part. 6 Greenl. 24; 10 Pick. 275.

*Codman,* for Jacob Dwinal, the original petitioner for damages, said that the granting or withholding a writ of *certiorari* was a matter of discretion, and would not be exercised unless it was shown, that injustice had been done. 11 Mass. R. 417; 20 Pick. 77; 24 Pick. 181. In the present case, he said Dwinal was now prepared to show, that he was the owner of the land.

It has not been the practice until lately of minuting upon the petition the time it was filed. In this case the petition was found on the files of the clerk before the sitting of the court; and must be presumed to have been filed at the day of its date, within the year.

The selectmen are the general agents of the town, and have authority to agree to the appointment of the committee; especially if there be no town agent, as here.

The committee has no power to settle the title to the land over which the road passed. But if this be not so, the town is not aggrieved thereby, for no other person claimed damages, and it is too late to do it now. The town is bound to pay the damages to the person injured, and it is only when there are conflicting claimants that the committee is to decide upon them.

It is a sufficient answer to all the charges of partiality, that the road passed over the land of the petitioner one hundred

Minot *v.* Cumberland Co. Com.

and ten rods, and was three rods in width, thus, in addition to the loss of his land, subjecting him to the necessity of making and keeping in repair two fences the whole distance ; and that the damages awarded are but thirty-five dollars.

The opinion of the Court was drawn up by

WELLS J. — This is a petition for a *certiorari.* The reasons alleged for it, as gathered from the petition, are as follows.

1. That the application, for damages, was not made within twelve months, after the establishment of the road.

2. That the proceedings of the commissioners were illegal, in assuming jurisdiction, and in appointing a committee to determine the question of damages.

3. That the action of the committee was partial and unjust, and their report illegal.

4. That the course of the commissioners was erroneous in rejecting the evidence of partiality, and illegal in accepting the report.

On the 21st of Oct. 1845, the selectmen of Minot laid out a road, for the use of the town, describing its location, by courses and distances, and its terminations, in a manner sufficiently explicit. On the fifth of the following Nov., the location was accepted by the town.

Jacob Dwinal, who claimed to be an owner of land, over which the way was laid out, and no damages having been allowed him, by the selectmen, presented a petition to the county commissioners, at their session in Dec. 1846, that his rights might be ascertained by a jury or committee.

It is objected, that the petition was not filed in the clerk's office, within a year, after the allowance of the way. Rev. Stat. c. 25, § 36. There does not appear to be any entry on the petition of the time of filing it. It bears date Oct. 1, 1846, and was found upon the files of the clerk. No objection, in the subsequent hearing before the committee, was suggested, because the application was not duly made. If any had been raised, it might have been shown, to have been filed in season. The question was not agitated until after the committee had made

their report, but was allowed to pass *sub silentio*. The commissioners must have deemed the objection either waived or groundless. Dwinal presented an agreement, to the commissioners, signed by himself, who was one of the selectmen, and two other members of the board, that their appearance for the town of Minot might be entered, *in opposition to his petition*, and that certain persons, therein named, might be appointed a committee. The committee was appointed, a hearing had and a report made.

Any person aggrieved by the action of the selectmen, may have his rights ascertained by a jury, or if he can agree with the *agent* of the town, or party liable to pay, by a committee, to be appointed by the commissioners of the county. Rev. Stat. c. 25, § 31. At the time of the application and hearing there was no town agent. It is contended, that the selectmen could not act in behalf of the town, and that the whole proceedings should be vacated. But it appears, that the town was not ignorant of these proceedings, and that the gentleman, who takes charge of this petition, was present at the hearing before the committee, and resisted the claim of Dwinal. The record states, that he appeared as the attorney for the town of Minot. It is not pretended, he was not authorized to appear for the town. He did not take this exception before the committee, and at the subsequent meeting of the commissioners, in June, when the subject of the report was brought before them, it does not appear, that this objection was then made. The counsel for the town objected to the acceptance of the report " for reasons upon the face thereof." Whether the present objection was one of those reasons, it is not practicable to determine.

It would not be just, after the town has been heard and had the full benefit of the chance of a decision in its favor, upon the rendering of a decision adverse to its interest, to allow it to deny the authority of the tribunal, on the ground of not assenting to its action.

When a town has appeared at the sessions, and opposed the report of the locating committee, without objecting to the

shortness of the notice, given to the town, the Court will not quash the proceedings on account of such shortness.    3 Mass. R. 406.

In the report of the committee, it appears that Dwinal was called upon by the attorney of the town, to prove his title to the land, over which the road was located, but the committee ruled, he need not do it.    The attorney of the town then offered to prove, that Dwinal had no interest, in the land, but the committee ruled this evidence inadmissible ; they considering the only question, submitted to them, was the damages.

The interest of the petitioner claiming damages, in the land, is one of the questions to be submitted to the jury.    It is the foundation of his claim for damages.    And the committee are substituted, by the parties, for a jury.    Section 31, before cited. Neither does it appear, that any evidence of title was laid before the commissioners.    It is too plain to need an argument, that one cannot be damnified by the location of a road, over land, in which he has no interest, and if Dwinal had no such interest in the land, as to entitle him to damages, the proceedings, relating to the damages, ought to be quashed.    Where part of the proceedings are so independent and disconnected with the residue, that it may be quashed, and leave the remainder an available judgment to the purposes for which it was intended, the Court may quash what is erroneous, and affirm the remainder.    *Com.* v. *Carpenter,* 3 Mass. R. 26 ; *Com.* v. *Blue Hill Turnpike,* 5 Mass. R. 420 ; *Com.* v. *West Boston Bridge,* 13 Pick. 195.    And in the present case, the proceedings in relation to the location and acceptance of the road are so far independent of those in relation to the damages, that if Dwinal is not entitled to receive any, the former may be affirmed and the latter quashed.

It was stated, at the hearing of this case, that Dwinal did own the land, and an offer was made to exhibit his title.    Such evidence is admissible to show, that no injustice has been done, it being within the discretion of the Court to grant or refuse the writ.    *Rutland* v. *Commissioners of Worcester,* 20 Pick.

78.　The allegation, that the course of the commissioners was erroneous in rejecting the evidence of partiality and in accepting the report, was doubtless founded on the conduct of the committee in not requiring and refusing to hear evidence, concerning Dwinal's title to the land.　The allegation is, that in making their report, the committee were actuated by motives of gross partiality for the petitioner, and this matter is offered to be proved before the commissioners.　The particulars constituting this gross partiality, are not stated.　Whether the commissioners would have power, to set aside the report of a committee, for what they might consider partiality, it is not now necessary to decide, for the generality of the charge precludes us from a satisfactory examination of it.

In the exercise of our discretion, we have come to the conclusion, that upon the exhibition to us, by satisfactory evidence, of Dwinal's title to the land, over which the road was laid, and for which damages were allowed to him, the proceedings will be sustained, but if we are satisfied, he had no just claim to damages, the writ of *certiorari* will be granted, and such part of the proceedings as relates to them will be quashed.