## Wooton v. Manning.

After dismissing a *certiorari* the Court cannot proceed to give judgment on the merits; but where the entry was that, "the defendant failing to file his plea, answer or demurrer, this cause is dismissed: It is therefore considered," &c., rendering judgment in favor of the plaintiff for the amount of his claim; it was held that there was no dismissal, that the whole entry, taken together, as it must be, was a judgment by default, for the plaintiff.

It seems that an entry that a cause is dismissed, or equivalent words, without more, does not amount to a judgment of dismissal.

A judgment which is rendered in a cause after the cause has been dismissed, is void; and it seems it may be taken advantage of on error, and without assignment.

Error from Walker. This was a proceeding, by *certiorari*, to revise certain judgments, rendered by a Justice of the Peace. The defendant in the *certiorari*, who was the plaintiff before the Justice, obtained judgment in the District Court,

the entry of which in the record commenced as follows : " This " day came the parties by their attorneys ; and the defendant " failing to file his plea, answer or demurrer, this cause is dis- " missed ; it is therefore considered by the Court, that the " plaintiff recover of the defendant and his securities," &c., proceeding to give judgment for the amount of the notes sued on. The petition for writ of error stated the amount of the judgment, and assigned as error, the rendition of judgment for that amount. There was no other error assigned.

*W. A. Leigh,* for plaintiff in error, cited Wright v. Thomas, 6 Tex. R. 420.

*Yoakum & Branch,* for defendant in error, suggested delay.

WHEELER, J. It is objected to the judgment, that the Court first dismissed the case, and then proceeded to give judgment for the plaintiff. The entry of the judgment is peculiar, and apparently contradictory. The failure of the defendant to file his answer, as recited, would not be cause for dismissing the cause ; but rather for giving judgment for the plaintiff, which was accordingly done. We have repeatedly decided, that after dismissing a *certiorari,* the Court cannot proceed to give judgment on the merits. But there is, in the record, no judgment of the Court dismissing the *certiorari.* The only judgment is that rendered for the plaintiff; and the statement, in the entry of that judgment, that " this cause is dismissed," must be, we conclude, a clerical misprision. It is so repugnant to what precedes and follows it, that we cannot suppose it truly to represent the action of the Court. Besides it has been repeatedly decided, that these, or equivalent words, without more, do not amount to a judgment of dismissal ; and their insertion in the entry cannot affect the validity of the final judgment, rendered in the case.

It might have been answered to this objection to the judgment, that it was not assigned as error. But if well founded

in fact, it would seem an objection, going so directly to the foundation of the judgment, as to have required notice, and the reversal of judgment, even though not assigned as error. A judgment rendered in a cause, after it had been dismissed, would be void; and that is an objection of a character, which the party will not, by his silence, be deemed to have waived; and consequently, one which the Court must notice, though it be omitted in the assignment of errors. But, we are of opinion that the objection is not well founded in fact. The judgment is affirmed.

Judgment affirmed.