### COMMONWEALTH vs. VERMONT AND MASSACHUSETTS RAILROAD CORPORATION.

A railroad corporation, constructing their railroad across a highway without lawful au-thority, are liable to indictment for a nuisance.

A railroad corporation were authorized by the county commissioners to raise a highway at a certain grade so as to cross their road on a level, and raised the highway accordingly, but at a steeper grade. The commissioners subsequently, on the application of the towns between which the highway lay, modified their former order by postponing the time within which it should be complied with, and assessed damages to the towns. *Held*, that that part of the second order assessing damages was unauthorized, and that the whole order was therefore void, and would not justify the corporation in not com-plying with the first order.

INDICTMENT for a nuisance, by placing a large quantity of earth and stones on a highway in Montague, leading from the tavern at Grout's Corner to the line of Erving, and thereby ob-structing and narrowing the highway, and rendering it steep, inconvenient and dangerous, and also, by the effect of the rains washing and carrying down said earth and stones upon a bridge across Miller's River where the highway meets the line of Erving, obstructing the bridge and causing it to rot and decay.

At the trial in the court of common pleas, before *Byington*, J., there was evidence that the defendants in 1848 and 1849 con-structed their railroad across said highway at an elevation of three feet above it, and about twenty four rods west of the bridge, and filled up the highway from the bridge to the railroad, so as to form an inclined plane at a grade of six degrees, thus bringing the highway to the level of the railroad at the crossing, and had so kept the highway since, and thus rendered it less convenient.

The defendants contended that they were not liable to indict-

ment for a misfeasance, and moved that the indictment be quashed. But the motion was overruled.

The defendants gave in evidence an order of the county commissioners of Franklin county, passed on the 17th of December 1847, on the defendants' application, authorizing them to raise the highway so as to cross their railroad on a level, provided they should so work the highway as to make it a regular inclined plane with a grade of not more than four and a half degrees, and twenty feet wide, with a sufficient railing where necessary, and to the acceptance of the commissioners. And it appeared that the defendants had not complied with this order, further than in building the road as before stated.

They also offered in evidence the following proceedings before the commissioners : A petition, presented by the towns of Montague and Erving on the second Tuesday of December 1849, setting forth the noncompliance of the defendants with the former order, to the damage of the petitioners; and praying the commissioners to " modify said order in such manner as shall be best for all parties in interest, or assess against the said corporation the damages which your petitioners have sustained as aforesaid : " And an order passed on the 10th of June 1850 on this petition, against the protest of the defendants, by which order, after reciting that it appeared that the present abutments of the bridge were not sufficient to support the eight feet of additional masonry necessary to raise the bridge and bring the highway to the grade directed by the former order; that the amount of freight carried over the highway had diminished since the building of the railroad; and that the bridge and abutment, if permitted to remain in their then condition, would probably remain permanent for many years; " considering it inexpedient to build anew the abutments and bridge at this time, merely to reduce the grade of that hill, said commissioners adjudge that said Vermont and Massachusetts Railroad Company pay to the towns of Montague and Erving seventy five dollars each; and that they pay the expenses of raising the abutments eight feet from their present height, and of raising the highway upon each side of said bridge, agreeably to the former order of the commissioners,

whenever it shall become necessary to rebuild said abutments and bridge." The defendants also offered to prove that they paid the seventy five dollars to the town of Montague, who accepted it; and tendered a like sum to the town of Erving, who refused to accept it. But all this evidence was objected to by the district attorney, and rejected by the judge, on the ground that it constituted no defence.

The defendants contended that the only way of compelling them to perform the order of the commissioners was by action for a penalty under *St.* 1846, *c.* 271, § 4, or bill in equity for a specific performance under *St.* 1849, *c.* 222, § 5; and that therefore this indictment could not be maintained. But the judge ruled that this proceeding was for a nuisance, and not to enforce an order of the commissioners; and overruled the objection.

The defendants, being found guilty, alleged exceptions.

*D. Aiken*, for the defendants.

*G. T. Davis*, for the Commonwealth.

BIGELOW, J. It is settled that the obstruction of a highway, by the construction of a railroad across it in a manner not authorized by law, is a nuisance, and that the proper remedy to redress such a public wrong is by indictment against the corporation. *Commonwealth* v. *Nashua & Lowell Railroad*, 2 Gray, 54. *Commonwealth* v. *New Bedford Bridge*, 2 Gray, 345.

It has also been adjudged, that the county commissioners, in assessing damages, on the petition of the towns of Erving and Montague, against the defendants, for a failure to construct their railroad across the highway in question according to the original order of the commissioners, passed on the 17th of December 1847, acted without legal authority. *Vermont & Massachusetts Railroad* v. *County Commissioners*, 10 Cush. 12. We think it necessarily follows that the entire adjudication of the commissioners upon said petition was erroneous; and that it affords no justification to the defendants for creating and maintaining the alleged nuisance. If the alterations of the highway, prescribed by the commissioners, in the order passed by them upon said petition, were wholly separate and independent of the award of damages to the towns, so much of the order as directs the changes in the

highway might be held valid, although the part assessing the damages was illegal and void. But it is manifest, from the whole tenor of the adjudication, that the assessment of damages to the towns was a material element which entered largely into the decree which the commissioners then made concerning the alterations in the highway, and that the latter were essentially modified in consequence of the order for the payment of damages to the towns of Erving and Montague. The adjudication of the commissioners must therefore be regarded as a whole, and cannot be treated as distinct and independent decrees upon matters wholly separate from each other. One portion being contrary to law, and for that reason void, the whole must fall. *Commonwealth* v. *Blue Hill Turnpike,* 5 Mass. 420. *Commonwealth* v. *West Boston Bridge,* 13 Pick. 196. The defendants, therefore, in constructing their road across the highway, according to the order of June 10th 1850, and not according to the original order of the commissioners, have acted under the authority of an inferior tribunal that exceeded its jurisdiction, and do not show a legal justification for the nuisance charged in the indictment. *Exceptions overruled.*