JOHN M. HAMILTON *et al.*

*v.*

TOWN OF HARWOOD *et al.*

*Filed at Springfield January 31, 1885.*

CERTIORARI AT COMMON LAW—*of the office of the writ.* A common law writ of *certiorari* can not be employed as a substitute for an appeal or writ of error, to enable an appellate court to review the rulings of the inferior court upon the law and the evidence in the progress of the trial, and in the application of the law to the facts. The only office of the writ is to bring before the court awarding it, the record of the proceedings of the inferior tribunal, and the judgment must be either that the writ be quashed and a *procedendo* awarded, or that the record of the proceeding be quashed for want of jurisdiction, or for illegality in the mode of procedure.

This was a petition for a common law writ of *certiorari*, to review a judgment of the Appellate Court in the case of *Highway Commissioners* v. *Hamilton et al.*, brought to that court on appeal from the circuit court of Champaign county.

Mr. THOMAS J. SMITH, for the petitioners.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a petition for a common law writ of *certiorari*. It is assumed by the petition that such a writ may be used as a complete substitute for a writ of error or an appeal, and that, by virtue of it, errors in ruling upon the law and the evidence in the progress of the trial, and in the application of the law to the facts in the rendition of judgment, may be corrected. This is a grave misapprehension. The office of the writ is only to bring before the court awarding it, the record of the proceedings of the inferior tribunal, and the judgment must either be that the *writ* be quashed and a *procedendo* awarded, or that the *record of the proceedings* be quashed. *Chicago*

*and Rock Island Railroad Co.* v. *Fell,* 22 Ill. 333 ; *Com'rs of Sonora* v. *Supervisors of Carthage,* 27 id. 140. The rulings of the court upon the law and the evidence in the progress of the trial, and in the application of the law to the facts in the rendition of judgment, can not be reviewed in this manner. We can only inquire, when a return is made to the writ bringing the record before us, whether the inferior court had jurisdiction and proceeded legally,—*i. e.,* followed the form of proceeding legally applicable in such cases,—and not whether it correctly decided the questions arising upon the admission or exclusion of evidence, the giving and refusing of instructions, and other like questions, during the progress of the trial before the court and jury, and in the overruling of motions for new trials and in arrest of judgment, and the rendition of judgment after verdict, etc. The rulings of a court may be erroneous, and yet it may have jurisdiction and proceed legally.

If the position of counsel for the petitioners were correct, the constitutional and statutory limitations would be utterly useless, for in every case it would only be necessary to sue out a *certiorari* to bring all the rulings of the inferior court before the appellate court for review. Where decisions upon questions of law and fact arising during the progress of the trial or in the rendition of judgment, other than such as relate to the question of jurisdiction or the legality of the proceeding, are reviewable upon *certiorari,* it is by virtue of some statute which has no existence in this State.

No ground is shown in the petition for the issuing of the writ. It concedes, tacitly, at least, that the court had jurisdiction, and no attempt is made to point out illegality in the proceeding, in the case sought to be reviewed.

<div align="right">

*Petition denied.*