## LÓPEZ ZÁRATE *v.* VILLABASO.

### APPLICATION for a Writ of *Certiorari* to the District Court of San Juan.

No. 21.—Decided February 13, 1907.

APPEAL FROM A MUNICIPAL COURT—FILING OF TRANSCRIPT OF RECORD.—The transcript of records on appeal from municipal courts must be filed in the district courts within the period of 10 days fixed by rule 34 of the rules governing these courts, which, having been duly promulgated, have the force of law.

ID.—DUTIES OF APPELLANT—DISMISSAL OF APPEAL.—Although rule 34 provides that secretaries of municipal courts shall prepare and transmit the transcript, of the record to the district court within the 10 days following the date upon which the appeal is perfected, nevertheless it is the duty of the appellant to see that the secretary complies with this provision, taking such steps as may be necessary therefor, as otherwise the respondent has a right to ask for and obtain the dismissal of the appeal.

ID.—Although there is no legal provision which expressly authorizes the dismissal of an appeal in the cases referred to in the foregoing paragraph, the provisions of article 7 of the Civil Code, which are applicable not only to questions of substantive law, but also to questions of adjective law, and especially the provisions of section 36 of the Code of Civil Procedure, are sufficient to warrant this procedure in the district courts.

CERTIORARI—JUDGMENT.—In *certiorari* cases the appellate court may render judgment affirming the proceedings had in the inferior court, or annuling the writ issued and leaving such court at liberty to proceed the same as if the writ had not been issued, this being the decision of this court in the case at bar.

The facts are stated in the opinion.

*Mr. Antonsanti* for petitioner.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case was begun in the Municipal Court of San Juan. A judgment was therein rendered in favor of López and against Villabaso on the 17th of October, 1906, for $165. From this judgment Villabaso took an appeal to the District Court of San Juan on the 22d of the same month. On the 10th of November last the plaintiff López filed a motion to dismiss the appeal taken by the defendant because he had not presented the record in the office of the secretary of the district court, and had not deposited any sum of money as security for costs. On the 23d of the same month the court sustained this motion and dismissed the appeal, making the following order, to wit:

"The court orders that the appeal in this case be considered as abandoned, and taxes the costs against the defendant and appellant, basing its action on the opinion rendered in the case of *Fuertes Alonzo* v. *Esteban Montañez.*"

The case of *Alonzo* v. *Montañez* referred to by the court was one decided in the District Court of San Juan on the 17th of August, 1906, and the opinion in that case reads as follows:

"A suit having been brought in the Municipal Court of Vega Baja by Forteza Alonzo & Co. against Esteban Montañez for the collection of money, and a judgment having been rendered against the defendant, he appealed on the 28th of last May, the said appeal having been perfected two days afterward by notification to Forteza Alonzo & Co. These gentlemen now file a motion to dismiss the appeal inasmuch as up to the present time the transcript of the record has not been filed in this court, in order that the appeal might be decided, and no other document relating thereto has been filed.

"The motion having been heard in the presence of the counsel for the parties, Esteban Montañez having been notified, the said parties made such allegations as they deemed proper.

"In the Code of Civil Procedure there is no special provision whatever in regard to the case, but the 34th rule of this court provides that as soon as the appeal has been perfected the secretary shall make a transcript of the record and forward the same to the superior court within 10 days after the appeal is perfected. So that the compliance with that duty by the secretary affects the appellant in that the same is necessary in order that his appeal may be heard and decided, and if the appellant does not avail himself of the legal means to compel the secretary to comply with that obligation, where he improperly fails so to comply, it implies an abandonment of his rights which cannot place the appellee in a position to lose his right to a decision of the appeal. Otherwise, it would be very easy to elude a judgment, allowing the secretary to fail to forward the transcript of the record.

"By analogy article 303 of the Code of Civil Procedure may be applied to this case, which article treats of appeals to the Supreme Court, and in accordance with which an appeal will be dismissed for abandonment where the appellant fails to file therein the documents required by the law.

"For these reasons the court is of opinion that the facts and the law are in favor of the motion presented by Forteza Alonzo & Co., and therefore declares the appeal dismissed and abandoned which was taken by Esteban Montañez, with costs against the latter."

For the reasons stated in this opinion this court is convinced that the order therein made and from which an appeal was taken is correct; but the following additional reasons may be given for sustaining the said order.

It is said that the order of the district court in dismissing the appeal in this case was arbitrary inasmuch as no special time is fixed within which the record from the municipal court should be filed in the office of the secretary. This objection is not satisfactory to our minds by quoting rule 34 of the district court, which reads as follows:

"Any party to a final judgment rendered in a civil case by an inferior court, within this judicial district, may appeal from such

judgment to this court, and, the case so appealed shall be tried *de novo* in this court. The party appealing, or his attorney, within 10 days from the date of the final judgment in the inferior court shall file with the secretary of said court a written notice of appeal, and a copy of such notice shall be served on the adverse party, and the proof of such service shall be the same as that required to prove the service of summons. When the proof of such service has been filed in the inferior court the appeal shall be perfected, and it shall be the duty of the secretary of said court to make a transcript, containing true copies of all the orders and rulings, made on the trial of the case, and certify thereto officially, and he shall transmit such transcript, together with the original papers in the case, as well as a copy of a bill of costs taken from the fee book, to the secretary of this court, within 10 days from the time the appeal was perfected. At any time after 10 days from the receipt of the record from the inferior court this court may proceed to try and dispose of the case.''

This rule was adopted in accordance with the statute of Porto Rico conferring upon the Attorney General, with the concurrence of the district judges, the right to make rules of practice for the dictrict and inferior courts; being so framed by the Attorney General and promulgated by him it has the force of law in so far as its purview extends. Then the appellant should have filed in the district court the record of the case within 10 days from the date of the perfection of the appeal—that is to say, on or before the 2d of November. Not having done so, what was the remedy which should have been pursued? If the appellant was unable to procure the record from the secretary he should have made a motion in the district court requiring the secretary to make the transcript and deliver the same to the appellant or his counsel. Doubtless this would have been sufficient, but if it were not other remedies were open to him. No showing whatever is made of any diligence on the part of the appellant to present the record in accordance with rule 34. The time having passed for the presentation of the record, the appellee who had recovered the judgment in the court below had a right

to make the motion which he did to the court, and the same was properly sustained.

It is urged that there is no specific statute under which the court can act in taking such proceeding. That being the case reference may be had to section 7 of the Civil Code which reads as follows:

"Any court which shall refuse to render a decision on the pretext of silence, obscurity or unintelligibility of the laws, or for any other reason, shall be held liable therefor.

"When there is no statute applicable to the case at issue, the court shall decide in accordance with equity, which means that natural justice, as embodied in the general principles of jurisprudence and in accepted and established usages and customs, shall be taken into consideration."

Should it be objected that this section refers solely to the substantive law and not to matters of procedure, we reply that we see no reason why it should be so limited, but that it was doubtless intended to apply to all statutes passed by the Legislature of this Island. From the language it certainly has as much application to one as to another. But if it is necessary to invoke a statute referring especially to procedure, reference may be had to section 36 of the Code of Civil Procedure, which reads as follows:

"When jurisdiction is, by this Code, or by another statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceedings be not specially pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

This certainly is sufficient to set the matter at rest, and we believe that the district court followed it in the proceedings taken in this case below.

According to the opinion in the Montañez case, to which the trial court refers, this statute was the guide followed by

that court in making this decision. Taking all these matters into consideration, it clearly appears to us that the resolution of the district court, dismissing the appeal, was correct.

A further question arises in regard to the form of the judgment which should be used by this court on the final decision made after hearing in cases of *certiorari.* It is announced in the third volume of the American and English Encyclopedia of Law, on page 66, that:

"The judgment on the hearing is that the proceedings below be either quashed or affirmed in whole or in part. Unless authorized by statute, the revisory court has no power to enter a different order or judgment on the merits."

In suppport of this proposition reference is made to the notes to the following cases: *McAllilley* v. *Horton,* 75 Ala., 419; *Baxter* v. *Brooks,* 29 Ark., 173; *Barnet* v. *Jacksonville,* 18 Fla., 523; *Hamilton* v. *Harwood,* 113 Ill., 154; *Taylor* v. *Gay,* 20 Car., 77; *Commissioners* v. *Turnpike Corp.,* 5 Mass., 420; *Dudley* v. *Staples,* 15 Johns (N. Y.), 195; *Hopkinton* v. *Smith,* 15 N. H., 152; *Peacock* v. *Leonard,* 8 Nev., 157; *White* v. *Commonwealth,* 3 Brewst. (Pa.), 30; *Wooton* v. *Manning,* 11 Tex., 327; *Bandlow* v. *Thieme,* 53 Wis., 57; *Kelly* v. *Story,* 2 Heisk. (Tenn.), 202; *Commissioners* v. *Bridge,* 13 Pick. (Mass.), 195; *Lowell* v. *Commissioners,* 6 Allen (Mass.), 131; *Thompson* v. *School Dist.,* 25 Mich., 483.

Such of these cases as we have had an opportunity to examine, except perhaps the Illinois case, fully support the principle announced in the text, and in our opinion the judgment rendered in this court should be one affirming the proceedings of the court below. However, it has been the practice in this court on judgments in *certiorari* cases after hearing, to annul the writ of *certiorari* allowing the district court to proceed in the same manner as if no writ of *certiorari* had issued. The result of such a judgment is of course the same as an affirmance of the proceedings. No doubt the form was adopted in order to distinguish between *certiorari*

cases and appeals. However, a proper proceeding in the rendition of such judgments would be, possibly, to refuse to annul the judgment, leaving it in force. Resolutions according to both the forms indicated have been prepared, and will be submitted with this opinion.

*Writ annulled.*

Chief Justice Quiñones, and Justices Hernández and Figueras concurred.

Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

The principal ground of my dissent is that while the rules of the district court require an appeal to be filed within 10 days from the time an appeal is perfected there is nothing in the law which requires the appellant to file the same.

I do not understand that the appellant needed to urge the secretary to comply with his duty in this case. It was to the interest of the appellee to speed the cause and for him to require the secretary to send up the record. In any event, if there is a defect in the rule of the district court the same should be amended and there should not be read into such rule a duty on the part of the appellant not imposed by law.

Section 36 of the Code of Civil Procedure has scant application to the case. It does not authorize the court to convert a rule binding on the secretary of the municipal court into a duty imposed on an appellant or declare abandoned an appeal where it was not shown by the appellee that the appellant had defaulted.

For the reasons aforesaid I feel compelled to dissent from the opinion rendered by the majority of the court in this case.