## LÓPEZ ZÁRATE *v.* VILLAVASO.

*Certiorari* contra la Corte de Distrito de San Juan..

No. 21.—Resuelto en Febrero 13, 1907.

APELACIÓN PROCEDENTE DE LA CORTE MUNICIPAL—PRESENTACIÓN DE LA TRANS-
CRIPCIÓN DE AUTOS.—La transcripción de autos en apelaciones procedentes de
las cortes municipales, debe presentarse en las cortes de distrito dentro de los
diez días que fija la regla 34 de las dictadas para estas cortes, que tienen
fuerza de ley por haber sido debidamente promulgadas.

ID.—DEBERES DEL APELANTE—DESESTIMACIÓN DE LA APELACIÓN.—Aun cuando la
regla 34 dispone que el secretario de la corte municipal preparará y remitirá
la transcripción de autos á la corte de distrito, dentro de los diez días siguien-
tes al perfeccionamiento de la apelación, sin embargo, la parte apelante está
en el deber de hacer que el secretario cumpla con esta disposición, ejerci-
tando los recursos que sean necesarios para ello, pues de lo contrario, la parte
apelada tiene el derecho de solicitar y obtener la desestimación de la apela-
ción.

ID.—Si bien no existe una disposición legal que expresamente autorice la desestima-
ción de la apelación en los casos á que se refiere el párrafo anterior, las dis-
posiciones del artículo 7 del Código Civil, que tienen aplicación no sólo á las
cuestiones de derecho substantivo, sino también á las de derecho adjetivo, y
especialmente, las del artículo 36 del Código de Enjuiciamiento Civil, son
suficientes para justificar este procedimiento ante las cortes de distrito.

CERTICFARI—SENTENCIA.—En los casos de certiorari el tribunal superior puede
dictar sentencia, confirmando el procedimiento seguido ante la corte inferior,
ó casando el mandamiento expedido y dejando á dicha corte en libertad de
proceder como si tal mandamiento no se hubiera dictado, siendo ésta última
la resolución adoptada por el tribunal en el caso de autos.

Los hechos están expresado en la opinión.

Abogado del promovente: *Sr. Antonsanti.*

La parte contraria no compareció.

EL JUEZ ASOCIADO SR. MACLEARY emitió la opinión del tri-
bunal.

El caso presente se inició en la Corte Municipal de San
Juan. Se dictó sentencia favorable para López y en contra de
Villavaso el día 17 de octubre de 1906, por la suma de ciento
sesenta y cinco dollars. Contra esta sentencia interpuso
Villavaso apelación para ante la Corte de Distrito de San
Juan, en 22 del mismo mes. En diez de noviembre último el
demandante López presentó una moción para que se deses-

timase la apelación interpuesta por el demandado porque no había presentado los autos (récords) en la oficina del secretario de la corte de distrito, y no había depositado suma alguna como garantía para las costas. En veintitres del mismo mes la corte declaró con lugar la moción, desestimando la apelación, dictando al efecto la siguiente resolución:

"La corte declara abandonada la apelación en este caso, con costas al demandado y apelante, refiriéndose á la opinión en el caso de *Forteza Alonso* v. *Estéban Montañez.*"

El caso de *Alonso* v. *Montañez* á que la corte ha hecho referencia, fué resuelto por la corte de Distrito de San Juan en 17 de agosto de 1906, siendo la opinión emitida en tal caso como sigue:

"Seguido juicio en el Juzgado Municipal de Vega-Baja por *Forteza Alonso y Ca.*, contra *Estéban Montañez* en cobro de pesos y dictada sentencia contra el demandado, éste apeló en 28 de mayo último, quedando perfeccionada dos días después con la notificación á Forteza Alonso y Ca.; estos señores presentan ahora una moción para que se tenga por desestimada la apelación, toda vez que hasta la fecha, no se ha presentado en esta corte la transcripción de los autos para que la apelación pudiera ser resuelta, ni documento alguno relativa á ella.

"Oída la moción con asistencia de los abogados de las partes porque· fué notificada Estéban Montañez, aquéllos alegaron lo que á su derecho convino.

"En el Código de Enjuiciamiento Civil no contiene disposición alguna especial respecto al caso; pero la regla 34 de las de esta corte establece que una vez perfeccionada la apelación deberá el secretario hacer una transcripción de los autos y remitirla á la Corte Superior dentro de los diez días de perfeccionada la apelación. Así, pues, el que el secretario cumpla con ese deber, afecta al apelante para que su recurso pueda ser oído y resuelto; y si el apelante no utiliza los medios legales para compeler al secretario al cumplimiento de esa obligación, cuando no fuera cumplida indudablemente que implica un abandono de sus derechos que no pueden traer como consecuencia que el apelado pierda su derecho á que la apelación sea resuelta. De otro modo sería muy fácil eludir una sentencia, dejando que el secretario no remitiese la transcripción ordenada.

"Por analogía puede aplicarse á éste caso el artículo 303 del Código de Enjuiciamiento Civil sobre apelaciones para ante el Tribunal Supremo por el que se desestima la apelación y se tiene por abandonada, cuando el apelante no presenta los documentos que le exige la ley.

"Por estas razones, la corte es de opinión que los hechos y la ley están á favor de la moción de Forteza Alonso y Ca. y en consecuencia, declara desestimada y abandonada la apelación que estableció Estéban Montañez con las costas."

Por las razones expresadas en esta opinión, este tribunal está convencido de que la resolución dictada en dicha causa y contra la cual se interpuso apelación, es correcta; pero las siguientes razones adicionales pueden darse en apoyo de dicha resolución.

Se ha dicho que la resolución de la corte de distrito, desestimando la apelación en el presente caso, es arbitraria por cuanto no hay término especial marcado dentro del cual los autos procedentes de la corte municipal deben ser presentados en la oficina del secretario. Esta objeción se ha contestado satisfactoriamente á nuestro juicio, citando la regla 34 de la corte de distrito, que es como sigue:

"Cualquiera parte podrá apelar á esta corte de distrito contra una resolución final rendida en un pleito civil por una corte inferior, dentro de este distrito judicial y el pleito así apelado se juzgará de nuevo en esta corte. La parte apelante, ó su abogado, dentro de los diez días, á partir de la fecha del fallo de la corte inferior, podrá entregar al secretario de dicha corte un escrito de apelación y una copia de tal escrito deberá ser notificada á la parte contraria, y la prueba de tal notificación, será la misma que se requiere para la prueba de la notificación de citaciones. Cuando la prueba de tal notificación, ha sido entregada en la corte inferior, la apelación se considerará perfeccionada, y será el deber del secretario de dicha corte hacer una transcripción, conteniendo copias verdaderas de todas las órdenes y procedimientos registrados en el juicio del caso, y certificarlas oficialmente, y dicho secretario deberá trasmitir tal transcripción junta con los documentos originales del pleito, así como también con una copia de la relación de costas, tomada del libro de costas, al secretario de esta corte, dentro de los diez días, contados á partir de la fecha en que

la apelación quedó perfeccionada. En cualquier tiempo después de los diez días del recibo del récord de la corte inferior esta corte procederá á juzgar y disponer del caso.''

Esta regla fué adoptada con arreglo al estatuto de Puerto Rico que confiere al Attorney General con el asentimiento de los jueces de distrito, el derecho de hacer reglas de procedimiento para las cortes de distrito y cortes inferiores; estando así modelada por el Attorney General y promulgada por él, dicha regla tiene fuerza de ley en todo á lo que sus estipulaciones hagan referencia. Así, pues, el apelante debió haber presentado los autos del caso en la corte de distrito dentro de diez días á partir de la fecha en que la apelación fué perfeccionada. Esto es, allá por el día dos de noviembre. No habiéndolo hecho así, ¿qué remedio debió haberse buscado? Si no pudo el apelante solicitar los autos del secretario, debió haber presentado una moción en la corte de distrito para que el secretario hiciera la transcripción y la entregara al apelante ó á su abogado. Indudablemente esto hubiera sido bastante, pero si no lo hubiera sido, todavía le quedaban otros remedios. No se ha probado de modo alguno que mostrara el apelante diligencia para la presentación de los autos de acuerdo con la regla 34. Habiendo vencido el tiempo para la presentación de los autos, el apelado que había obtenido sentencia á su favor en la corte inferior tenía derecho para presentar la moción que hizo á la corte, la que fué debidamente sostenida.

Se alega que no hay estatuto específico con arreglo al cual la corte pudiera actuar al tomar tal procedimiento. Siendo este el caso, puede hacerse referencia á la sección 7 del Código Civil, que es como sigue:

"El tribunal que rehuse fallar á pretexto de silencio, obscuridad ó insuficiencia de la ley ó por cualquier otro motivo, incurrirá en responsabilidad.

"Cuando no haya ley aplicable al caso, el tribunal resolverá conforme á equidad, que quiere decir que se tendrá en cuenta la razón natural de acuerdo con los principios generales del derecho, y los usos y costumbres aceptados y establecidos.''

Si se objetara que esta sección hace referencia solamente
á la ley sustantiva y nó á cuestiones de procedimiento, contes-
tamos que no vemos razón por la cual debe estar limitada de
ese modo, pero que indudablemente fué la intención el que se
aplicara á todos los estatutos aprobados por la Legislatura de
esta Isla. Según su lectura se ve claramente que tiene tanta
aplicación á la ley sustantiva como á las cuestiones de proce-
dimiento. Pero si es necesario invocar un estatuto que se
refiera especialmente al procedimiento, puede hacerse refe-
rencia á la sección 36 del Código de Enjuiciamiento Civil, que
dice lo siguiente:

"Cuando por este Código ó por otra ley se confiera jurisdicción á
una corte ó funcionario judicial, se le confieren también todos los
medios necesarios para hacerla efectiva; y en el ejercicio de ella, si
el procedimiento no estuviere especialmente señalado en este Código ó
en otra ley, podrá adoptarse cualquier otro procedimiento ó modo
adecuado que parezca estar más en harmonía con el espíritu de este
Código.''

Esto verdaderamente es suficiente para terminar el
asunto, y creemos que la corte de distrito obró de acuerdo
con dicha sección en los procedimientos de este caso que ante
dicha corte se establecieron.

Según la opinión emitida en el caso de Montañez, á la que
hace referencia la corte inferior, este estatuto sirvió de norma
á aquella corte al dictar esta resolución. Tomando en consi-
deración todas estas cuestiones, vemos claramente que la reso-
lución de la corte de distrito al desestimar la apelación era
correcta.

Surge además otra cuestión en cuanto á la forma de sen-
tencia que debe adoptar esta corte al resolver en definitiva,
después de la vista, los casos de *certiorari*. Se enuncia en el
tercer volumen de la Enciclopedia de Leyes Americanas é
Inglesas, página 66, que:

"La sentencia después de la vista es que los procedimientos ha-
bidos en la corte inferior sean anulados ó confirmados en todo ó en

parte.  A menos que el estatuto lo autorice, la corte de revisión no
tiene facultad para dictar una sentencia ó resolución diferente, basada
en los méritos del caso.''

En apoyo de esta proposición se hace referencia en las
notas, á los siguientes casos:

> *McAllilley* v. *Horton,* 75 Ala., 491.
> *Baxter* v. *Brooks,* 29 Ark., 173.
> *Barnet* v. *Jacksonville,* 18 Fla., 523.
> *Hamilton* v. *Harwood,* 113 Ill., 154.
> *Taylor* v. *Gay,* 20 Gar., 77.
> *Commissioners* v. *Turnpike Corp.,* 5 Mass., 420.
> *Dudley* v. *Staples,* 15 Johns, (N. Y., 195).
> *Hopkinton* v. *Smith,* 15 N. H.; 152.
> *Peacock* v. *Leonard,* 8 Nev., 157.
> *White* v. *Commonwealth,* 3 Brewst (Pa.), 30.
> *Wooton* v. *Manning,* 11 Tex., 327.
> *Bandlow* v. *Thieme,* 53 Wis., 57.
> *Kelly* v. *Story,* 2 Heisk. (Tenn.), 202.
> *Commissioners* v. *Bridge,* 13 Pick., Mass., 195.
> *Lowell* v. *Commissioners,* 6 Allen (Mass.), 131.
> *Thompson* v. *School Dist.* 25 Mich., 483.

Algunos de estos casos que hemos tenido la oportunidad
de examinar, con excepción quizás del caso de Illinois, sos-
tienen completamente el principio anunciado en el texto, y
según nuestra opinión la sentencia que se dicte por esta·corte
debe ser una que confirme los procedimientos de la corte infe-
rior.  Sin embargo, ha sido la práctica de esta corte, al dictar
sentencia en casos de *certiorari* después que la vista de los mis-
mos ha tenido lugar, anular el auto de *certiorari,* dejando que
la corte de distrito proceda de igual modo que si no se hubie-
ra expedido el auto de *certiorari.*  El efecto de tal sentencia
es, desde luego igual á si se confirmaran los procedimientos.
No hay duda de que la forma fué adoptada para hacer una
distinción entre casos de *certiorari* y apelaciones.  Sin em-
bargo, un procedimiento adecuado al dictar tales sentencias

sería, posiblemente, la negativa á anular la sentencia, deján-dola vigente. Se han preparado resoluciones, según ambas formas indicadas las que. se someterán junto con este dic-tamen.

*Casado el mandamiento.*

Jueces concurrentes: Sres. Presidente Quiñones, y Aso-ciados, Hernández y Figueras.

Juez disidente: Sr. Wolf.

### VOTO PARTICULAR DEL JUEZ ASOCIADO SEÑOR WOLF.

El fundamento principal de mi voto particular es que aunque la regla de la corte de distrito exige que la apelación se formule dentro de diez días á partir de la época en que se perfeccione la apelación, no hay nada en la ley que exija al apelante la presentación de la misma.

No entiendo que el apelante tuviera necesidad de insistir con el secretario para que dicho funcionario cumpliera con su deber en este caso. Era al apelado á quien interesaba dar prisa sobre el caso y exigir al secretario que remitiera el ré-cord. De cualquier modo, si hay un defecto en la regla de la corte de distrito, debe la misma ser enmendada, no debiéndose leer en ella como que existe un deber por parte del apelante que no ha sido impuesto por la ley.

La sección 36 del Código de Enjuiciamiento Civil tiene escasa aplicación al presente caso. Dicha sección no autoriza á la corte para convertir una regla que obliga al secretario de la corte municipal en un deber impuesto al apelante ó para declarar abandonada una apelación en que no se probó por el apelado que el apelante se había declarado en rebeldía.

Por las razones expresadas, me veo obligado á disentir de la opinión emitida por la mayoría del tribunal en el pre-sente caso.