NEWYORK,
October, 1816.

BRONSON
v.
MANN.

---

## BRONSON against MANN.

In the case of an encroachment on the highway,(2 N.R. L. 277,) where the encroachment is not denied, 'all the commissioners must confer in regard to making an order to remove it, and the majority may act; but when the encroachment is denied, and the fact is to be inquired into by a jury, one of the commissioners alone may act, and may make complaint to a justice of the peace; or, at least the want of a jointconsultation will not vitiate an inquest subsequently found.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error brought an action in the court below, against the plaintiff in error, to recover the penalty for encroaching on the highway, under the 21st section of the Act *for regulating highways.* (2 N. R. L. 277, 278.) On the trial it appeared that the highway in question had been duly laid out and recorded; that two of the commissioners of highways of the town of *Onondaga* had notified the defendant that his fences encroached on the highway, and requested him to remove them;

The certificate of a jury, finding an encroachment, is conclusive evidence of that fact, in an action brought to recover the penalty for not removing the encroachment.

In a judgment in a justice's court for the plaintiff, for costs, the costs for subpœnas, issued on behalf of the defendant, cannot be included.

and that the defendant denying the encroachment, one of the commissioners, on behalf of the board, applied to a justice of the peace, for a precept to summon a jury to inquire of the encroachment. Notice thereof was given to the defendant below, and he attended the inquest, and assisted in the examination and survey, and set up stakes to designate the road. The jury summoned for that purpose found the encroachment, and certified it by special metes and bounds, according to the statute ; but the defendant did not remove his fences within sixty days, as required by the act. The defendant objected to the recovery, on the ground that it did not appear that all three of the commissioners attended and consulted together, in regard to the encroachment; but the justice overruled the objection. The defendant then offered to prove, that, in fact, there was no encroachment; which evidence the justice refused to hear, and gave judgment for the plaintiff below. In the amount of costs, for which judgment was given, the justice included 12 cents for two subpœnas, issued on behalf of the defendant below.

*Per Curiam.* Where the encroachment is not denied, and the commissioners, under the 21st section of the act, make an order to remove it, the just construction of the statute requires that all should confer, and then a majority may act ; but where, as in this case, the encroachment is denied, and the fact is to be inquired of by a jury, the commissioners act in the character of informers merely ; and the law requires no order, nor any act of the commissioners, after the finding and certificate of the jury. The omission, for sixty days after the inquest, to remove the encroachment, constituted the offence. The mere complaint to the justice was not such an act as required the united deliberation of all the commissioners; (9 *Johns. Rep.* 360. ;) at least, the omission to hold a joint consultation, in regard to the complaint, will not vitiate the inquest which establishes the fact of encroachment. The complaint was initiatory.

On the second point the justice also decided correctly, in excluding the evidence to contradict the inquisition as to the fact of encroachment. The finding of the jury was conclusive, on this trial, as to that fact. The judgment for costs, however, is erroneous ; so that the ₤judgment must be reversed, as to costs, and affirmed, as to the penalty recovered.

Judgment accordingly.