Jackson, J.
A disclaimer in real actions has, in our com is,
generally been pleaded in bar ; whether it extended to the whole, or to a part .only, of the land demanded. The propriety of this form of pleading has never, as we believe, been brought directly under the consideration of the Court. It was adopted when the English practice, relating to these actions, was less attended to than it has been in latter times ; and, as no inconvenience has resulted from this change of the ancient forms, it seems to have passed without observation.
At common law, such a disclaimer was never considered as a bar to the action. So far from showing that the demandant had no right to the demanded premises, it was an acknowledgment of his title. It operated, in some respects, as a release by the tenant. If two tenants were jointly sued, a disclaimer by one of them generally vested the whole in the other co-tenant. So, if one only were sued, and disclaimed, whatever estate he had was in effect passed to, and vested in, the demandant. He might immediately enter, and would become seized according to the title set forth in bis writ ; and the tenant would be afterwards estopped from disputing that title. A disclaimer, instead of being a plea to the action, resembled so far a release or conveyance of the land, that, in general, no person could disclaim, who was incapable of conveying the land. An infant could not disclaim ; nor a husband who held only in right of his wife. So an abbot, bishop, dean, or other like sole corporatiop, could not disclaim, to the prejudice of the convent or church.
But, as' a disclaimer was never, at common law, pleaded in bar of the action, so neither was it, strictly speaking, a plea in abatement.
It did not give the demandant a better writ. It contained no prayer for judgment of * any kind. It was not concluded with a verification, because it contained no traversable fact. It was, in effect, an offer by the tenant to yield to the claim of the demandant, and to admit bis title to the land. This, in many cases, gave to the demandant all the benefit of a judgment in his favor; and he, therefore, suffered no loss by having his writ abated, or by having the action stopped at that point.
By the common law, no costs were recovered in any suit ; and, unless the demandant had a claim for damages, he had nothing further to demand of the adverse party. The consequence was, that, in those real actions, in which no damages were recovérable, the demandant could make no replication whatever to a disclaimer ; and, when it was made by a sole tenant, it put an "mmediate end to the *353 suit. But, when the demandant was entitled to damages, as he was in some real actions, he might avoid the effect of the disclaimer, by replying, that the adverse party was tenant of the freehold.
By our laws, no damages are recoverable in any real action. But, on the other hand, the costs are considered as a distinct subject of every judgment; and they are by statute to be awarded to the party prevailing in all civil actions. There is, therefore, notwithstanding the disclaimer, a judgment to be entered for costs, for the party who shall appear to have prevailed in the suit. The action cannot be stopped, without entering a judgment, although the disclaimer be admitted by the demandant. If the tenant never had possession of the land, and is willing to relinquish all claim to it, he certainly ought not to pay costs. He shows that the action ought never to have been brought, and that it cannot be maintained against him. The case is analogous to that of replevin, brought against one who never had the goods in question. In such case, non cepit is a plea in bar ; although it admits the plaintiff’s title to the goods. On the other hand, the demandant should not, in consequence of a disclaimer, be held to pay * costs ; if his action was rightly commenced against a party liable to his suit. Our legislature, accordingly, in stat. 1795, c. 75, having allowed a disclaimer in all real actions, provide the same replication for the demandant, doubtless for the purpose of entitling him to bis costs, which the common law provided for him when entitled to damages.
There is, then, a material question to be settled between the parties, even after the tenant shall have relinquished all title to the land ; and that is, w'hether the tenant has unjustly obtained or withheld possession of the land. The party, in whose favor this question is determined, when the disclaimer applies to the whole premises demanded, will prevail in the suit, and be entitled to judgment accordingly.
This defence, if maintained, does not indeed disprove the demandant’s title to the land in controversy ; but it is, in some sense, a bar to the action ; as it shows that he had no right of action against the adverse party, neither in this, nor in any other form: It resembles a plea of tender of the whole sum demanded in an action of debt or assumpsit; in which case the defendant admits the plaintiff’s right to the thing in controversy, but shows that he had no right of action for it.
It might have been better to have adhered to the ancient form of pleading ; and perhaps it may still be found to be more expedient to return to it. But, considering the long practice which has prevailed, of pleading a disclaimer in bar of the action, and finding no incon venience to have resulted from it ; and considering, also, that a disclaimer, in its effects, more resembles a plea in bar than a plea in abatement, as it defeats the present action, without pointing out *354 another which the demandant may adopt; we do not feel ourselves bound to say that the plea is bad for that cause.
It may be added, that the judgment has relation, in every case, to the plea, (1) and its effect depends upon the nature of the plea. So that, although judgment should * be for the tenant, upon a disclaimer pleaded in bar; yet the demand-ant’s right to the land would not be lost or barred by the judgment; because the same record, taken all together, would show that the tenant admitted the demandant’s title to the land ; and he would even be estopped from afterwards denying it.
The special cause assigned for this demurrer is clearly insufficient. This ground of defence, or exception to the action, must have been specially pleaded in some form or other. The general issue, non .dissesivit, admits that the tenant made the entry as alleged, and put? in issue his right to enter and hold the land accordingly.

Plea adjudged good.

 8 Co. 124.