## HURLBUT v. WILCOX.

Where a justice of the peace has rendered judgment for costs to an amount exceeding fifteen dollars (Laws of 1862, ch. 238, sec. 1), and the judgment for damages is not complained of, this court, on *certiorari*, reverses the judgment as to costs and affirms the judgment as to damages, with costs in this court to the plaintiff in error.

Hereafter applications to this court for writs of *certiorari* to justices of the peace will not be entertained, unless peculiar and satisfactory reasons are shown for not obtaining the same from a circuit court or judge.

CERTIORARI to a Justice of the Peace in *Waukesha* County.

The ground on which a reversal of the justice's judgment in this case was sought, will sufficiently appear from the opinion.

*A. Cook*, for plaintiff in error.

*D. W. Small*, for defendant in error.

*By the Court*, DIXON, C. J. The statute provides that "the amount of costs which may be recovered by the party in whose favor judgment is given, shall not, in any case tried in a justice's court, exceed fifteen dollars." Laws of 1862, ch. 238, sec. 1. In this case the justice taxed $26.54 costs, and rendered judgment therefor against the plaintiff in error. In this

he clearly exceeded his jurisdiction, and the judgment as to costs must be quashed.

He likewise rendered judgment for $21 damages, of which no complaint is made. The question is whether the judgment for damages may stand, and that for costs be reversed. We are of opinion that it may. The damages and costs constitute distinct parts of the judgment, and it seems to be well settled, upon this writ, which is a common law *certiorari*, that the court may, in such cases, quash the proceedings in part and affirm them in part. *Commonwealth v. Blue Hill Turnpike*, 5 Mass., 420; *The Same v. Derby*, 13 Mass., 438; *The Same v. West Boston Bridge*, 13 Pick., 196; *Van Bokkelin v. Ingersoll*, 5 Wend., 341; *Bronson v. Mann*, 13 Johns., 460; *Commonwealth v. Carpenter*, 3 Mass., 268. The two last are cases of reversal as to costs, and affirmance as to damages. We think, then, that the judgment of the justice should be reversed as to the costs and affirmed as to the damages, with costs to the plaintiff in error in this court.

In examining this case we have been reminded of the rule early adopted in this court (*May v. Keep*, 1 Chand., 285), that the court in ordinary cases would not feel itself bound to allow the writ indiscriminately, where there was an opportunity of making an application to a circuit court at a term of such a court. It is now provided by statute that the circuit courts shall have original jurisdiction of the writ, and that said courts in term time, and the judges thereof in vacation, shall have power to award the same, throughout the state, returnable in the proper county. R. S., ch. 116; sec. 4. Under these circumstances there seems to be no necessity for applying to this court; and since the business of this court is so greatly increased, and the time of its judges so constantly occupied in the disposition of other cases which must come before it, we announce as a rule which will govern its action in future applications, that they will not be entertained unless peculiar and satisfactory reasons are shown why they are not or cannot be made elsewhere.