STATE ex rel. THE BOARD OF EDUCATION OF THE CITY OF OSHKOSH vs. HABEN, Treasurer, etc.

22 101
f109 629
109 631

MANDAMUS : *when the court will entertain application.*

1. This court will not entertain an application for a *mandamus* where the circuit court has concurrent jurisdiction, unless some good reason is shown for making the application here.

2. It was not a sufficient reason for not making the application to the circuit court in this case, that the judge of that court "had expressed some opinion" in regard to the defendant's refusal to perform the act here sought to be commanded.

APPLICATION for a *Mandamus.*
*Freeman & Hancock* for the relator.

COLE, J. This is an application for an alternative writ of *mandamus*, to be directed to the treasurer of the city of Oshkosh, commanding him to pay over certain moneys in his hands belonging to the board of education, for its use and for the use of the common schools of said city, or show cause, etc. The application must be denied.

By a rule adopted at the June term of this court, 1865, it was, among other things, provided that writs of *mandamus* "will be granted in those cases in which the circuit court has concurrent jurisdiction with this court, only where some good reason is shown why the application is not made to the circuit court." The object of this rule is manifest. It is to require parties, in *mandamus* cases, to apply in the first instance to the circuit court for relief, unless there is something in the nature of the application which renders it necessary that the writ should issue from this court. The practice has become common, of applying to this court for writs of *mandamus* against the various local officers of the state; and it is obvious that in most cases the ends of justice would be equally well promoted, while perhaps the convenience

of parties would be more fully subserved, if the application were made to the circuit court. And, considering the onerous duties necessarily devolving upon the members of this court, we do not feel like encouraging the bringing of causes here which can be quite as well attended to in those tribunals. Hence the adoption of the rule just referred to. Wherever there is anything in the application which shows that it would be unavailing if made at the proper circuit, or where, from the nature of the questions involved, it would seem necessary and proper that the suit be commenced in the supreme court, jurisdiction will be entertained. Otherwise it will not be, but parties will be required to make their application to the circuit court.

In this case, we see no reason for granting the writ. It is true, it is stated in the relation that the circuit judge of the tenth circuit is a resident of the city of Oshkosh, and, as the relators are informed and believe, has expressed some opinion in regard to the refusal of the treasurer to pay the orders therein named drawn upon him, and as to the right of the legislature to set apart and appropriate any portion of the funds raised in said city for a high school building, and for the support of common schools of the city, for state normal school purposes. But we do not think that these allegations afford any ground for this court issuing the writ. It is not claimed that the circuit judge is disqualified from trying the cause by reason of interest, or because he happens to be a resident of the city of Oshkosh. But the relators have been informed that the judge has expressed an opinion in regard to some of the matters or questions involved. But what was this opinion, and under what circumstances was it given? From the fact that application is made to this court for a writ against the treasurer, it may perhaps be assumed that the judge—if he ever expressed any opinion upon the subject—expressed one contrary to the views entertained by

the relators. But it might have been some casual statement or remark made by the judge in conversation upon a subject which he had not examined or reflected upon, and about which he really had no fixed, positive opinion. If so, it would not probably influence his judgment in the least upon a point which he should thereafter judicially consider. At all events, we do not think enough is stated in the relation to show that the judge has prejudged the matter, or that he will not impartially and candidly consider and decide the cause.

*By the Court.*—The application for the writ is denied.