STEWART HARVEY *v.* JANE G. HARVEY. .

*Tenant in Dower. Waste. Statute.*

A tenant in dower having conducted in relation to the estate as a prudent man would with his own absolutely, it was *held* to be a sufficient compliance with the statute in respect to waste, Gen. Sts. chapter 55, § 13.

When the price of material and labor is unusually high, such tenant may properly delay, a reasonable time, in making repairs, in order that they may be made at a reasonable expense, where it does not appear that the want of repair is causing any immediate injury to the estate.

The decision of the county court as matter of law, that the facts found did not constitute waste under the circumstances, *held* correct.

ACTION on the case for waste alleged to have been committed by the defendant on premises occupied by her as tenant in dower, as the widow of Stewart Harvey first, deceased. Plea, the general issue. Trial by jury, June term, 1868, STEELE, J., presiding. The plaintiff is an heir of said Stewart Harvey, and owner of one-seventh of the remainder or reversion of said dower.

On trial it was claimed by the plaintiff, and his testimony tended to show, that the buildings were greatly depreciated in value for want of necessary repairs; that the defendant had permitted a valuable muck-bed to be dug up and carried away; and the defendant had from year to year, for the space of seven or eight years, allowed one D. Harvey to cut and draw away the forage growing on said premises, and for want of proper manuring and cultivation they had become unproductive and comparatively valueless. The plaintiff claimed that these facts constituted waste under the statute.

The defendant's evidence tended to prove that the premises had been kept in such repair and condition that, if the house should be repainted, the premises as a whole would be in a better condition than when they were assigned to the defendant.

The court found as a matter of fact that the buildings and fences were, except in the matter of paint, in as good repair as it would be profitable or reasonable to keep buildings and fences upon such a place, and of such age, and that the defendant had from time to time made repairs and improvements, and rebuilt portions of the fence, but that owing to high prices of nails, lumber, paints and oils, and labor, she had deferred making some repairs until these things should be cheaper; and the court found that the delay was reasonable, and that the defendant has, in relation to the buildings, fences, and lands, conducted as a prudent man would with respect to the same, if it had been his own absolutely, and that in fact no waste had been permitted or committed. The land is not in as high a state of cultivation as it was eight years ago, and the buildings have unavoidably decayed. Some hay has been drawn from the land, and some manure drawn back, by her son Duncan Harvey, but more has been drawn away than back. The property was valued and appraised, when assigned to the widow, at from $600 to $700, and consists of an old story and one-half house, out-buildings, and three acres of land. The court decided as a matter of law that it was not necessarily waste, that the land was not kept by the widow in as high a state of cultivation as when assigned to her; or that she sold the hay from the land; or that she allowed her son, a brother of the plaintiff, to drive and draw loads across it; and that an action would not lie for a want of repair, until the tenant in possession had had a reasonable opportunity to remedy it; and that if the want of repair was causing no immediate injury, the tenant in possession might pay a reasonable regard to the very high price of materials, and labor, and wait a reasonable time for prices to become reduced to the ordinary level. The court was satisfied that the muck bed was of some value, but that it was not of sufficient value so that its removal has been of any material damage to the

place. It was not entirely removed, and is so situated that it will soon fill again.

The court rendered judgment for the defendant to recover her costs. Exceptions by the plaintiff.

*Stewart Harvey*, pro se.

*Bliss N. Davis* and *C. H. Davis*, for the defendant.

The opinion of the court was delivered by

WILSON, J. This is an action on the case for waste alleged to have been committed by the defendant on premises occupied by her as tenant in dower, as the widow of Stewart Harvey first, deceased. It appears that the plaintiff is an heir of said Stewart Harvey, and owner of one-seventh of the reversion of said dower. Upon the evidence the county court found, among other things, that the defendant has, in relation to the buildings, fences, and lands, conducted as a prudent man would with respect to the same if it had been his own absolutely, and that in fact no waste had been permitted or committed. They decided as matter of law that the facts, found by them and detailed in the bill of ex- ceptions, did not constitute waste under the circumstances. We find no error in the ruling of the county court.

Section 13 of chapter 55 of the General Statutes provides " that no woman who shall be endowed of any lands, tenements, or hereditaments, shall commit or suffer any waste on the same, but shall maintain the houses, and tenements, with the fences and appurtenances, of which she shall be endowed, in good repair during her term, and leave the same in good repair at the expiration thereof, and shall be liable to the person owning the rever- sion for all damages occasioned by any waste committed or suffered by her." The authorities are abundant to show it is the duty of a tenant in dower to maintain the estate, of which she is endowed, in good repair during her term, and to leave the same in good repair at the expiration thereof. But no one can suppose it a reasonable construction of the statute that she shall be held to a more rigid rule in respect to the estate than would be ob- served by a prudent man of his own estate absolutely, while occu-

pying it and intending to keep it for a homestead. It is not found by the county court that drawing loads, by the defendant's son, across the premises, nor the removal of the muck-bed, was any material damage to the place. In relation to buildings, there are times when they are more or less out of repair, and prudent men, in fixing the time they will repair them, ordinarily pay reasonable regard to the price of materials and labor, when they can do so without immediate injury to the property. It does not appear that the want of repair of the buildings in question was causing any immediate injury to the estate. And in view of the very high price of materials and labor during almost the entire period she has occupied the premises, we think the defendant could properly delay, a reasonable time, to make the repairs she has deferred, in order that they might be made at such reasonable expense as the nature of the repairs and condition of the estate would reasonably require. To hold the defendant liable upon the facts of this case would give the statute a construction not authorized by its language or spirit.

The judgment of the county court is affirmed.