STATE ex rel. CASH vs. THE SUPERVISORS OF JUNEAU COUNTY.

SUPREME COURT: JURISDICTION: MANDAMUS. *Cases in which this court will not take original jurisdiction of* mandamus.

1. In general, this court will not take original jurisdiction of the writ of *mandamus* to compel the performance of local official duty in respect to a matter which, though *publici juris*, is of local interest merely, and does not involve directly the sovereign prerogative or the interest of the state at large.

2. In the present case this court refuses to interfere by *mandamus* to compel the supervisors of a county to proceed according to law (ch. 89, Laws of 1872) to submit to the electors of their county, at the next general election therein, a certain proposition for changing the location of the county seat.

3. The fact that the judge of the circuit court for said county is disqualified to hear this case, and that some delay will therefore be occasioned by the necessity of having the action, after being commenced in said county, sent to another for a hearing, is not a sufficient reason for this court taking jurisdiction; since the right sought to be enforced is of a permanent character, and cannot be greatly impaired by delay. *State ex rel. v. Kromer* and *Same v. Baker*, distinguished.

4. The relator's right (if any) to the relief sought having been complete more than a year before this application was made, and the person who was judge of said circuit for weeks or perhaps months thereafter not appearing to have been disqualified to hear the cause, the *laches* of the relator is an additional reason why this court will not take jurisdiction to prevent delay.

APPLICATION for a *Mandamus*.

An alternative writ of *mandamus* having issued from this court upon the petition of the relator in this case, the respondent moved to quash the writ. The nature and grounds of the relief sought by the writ will appear from the opinion.

*R. A. Wilkinson*, with *Smith & Lamb*, of counsel for the motion. [No brief on file.]

*G. C. Prentiss*, *R. Smith* and *Vilas & Bryant*, *contra*, to the point that the action would lie on the facts stated in the petition, cited ch. 89, Laws of 1872; *C. W. & Z. R. R. Co. v. Commissioners*, 1 Ohio St., 77; *English v. Supervisors*, 19 Cal., 172; *People v. Supervisors*, 20 N. Y., 253; *Kendall v. Stokes*, 3 How. (U. S.), 87; *State v. Washington Co.*, 2 Chand., 247; *State ex rel. Beebe v. Supervisors*, 3 Wis., 816; *People v. Champion*, 16 Johns., 61; 2 Crary's Pr., 65, 66; Moses on Man., 102–126; *State ex rel. Ward v. Assessors*, 1 Wis., 345; *State ex rel. Doxtader v. Bailey*, 6 id., 291. To the point that the writ would go on the relation of a private person, without an information of the attorney general, they cited *Hamilton v. The State*, 3 Ind., 452; *The People v. Collins*, 19 Wend., 56–65; *State ex rel. v. County Judge*, 7 Clarke (Iowa), 186; *Pike Co. v. People*, 11 Ill., 202; *Napier v. Poe*, 12 Ga., 170; *People v. Common Council*, 22 Barb., 404; *Graham v. Chamber of Commerce*, 20 Wis., 63; and other

cases in this court. To the point that this court has original jurisdiction in such cases, they cited *State ex rel. Lord v. Supervisors*, 2 Pin. Wis., 552, 556; *State ex rel. Ward v. Assessors*, 1 Wis., 345; *State ex rel. Doxtader v. Bailey*, 6 id., 291; *State ex rel. Board of Education v. Haben*, 22 id., 101. [One of the counsel stated that the writ of *mandamus* had been granted by this court, on private relation, in over sixty cases.]

LYON, J. This is a motion to quash an alternative writ of *mandamus*. An application was made to this court on the first day of the present term for a writ of *mandamus* to compel the board of supervisors of Juneau county to submit to the electors of that county, at the next general election to be held therein, a proposition to change the location of the county seat thereof from the village of Mauston to the village of New Lisbon. It is alleged in the relation that a petition so to submit such proposition, duly signed as required by ch. 89, Laws of 1872, was presented to that board at its annual session in 1874, to wit, on the 17th of November in that year; but that after the fact was determined that the petition was so signed, the board denied the prayer of the petitioners and refused to submit the proposition to a vote of the electors of the county. It is further alleged therein that the same petition was again presented to the board at a special meeting thereof held in July, 1875, and referred by the board to a special committee with instructions to report at the next annual meeting of the board, and that, without further action upon the petition, the board adjourned without day.

The reason assigned why this court should exercise its original jurisdiction in the case is, that Judge Park, the judge of the seventh circuit (which circuit includes Juneau county), has been of counsel in the matter in controversy, and is therefore disqualified to sit as judge on the hearing of the case. The court awarded an alternative writ of *mandamus* to the board of supervisors as prayed in the relation, but left the question as

to whether it is a proper case for the exercise of its original jurisdiction, for future argument and decision.   That question is now before us on the motion to quash the alternative writ.

The nature and extent of the original jurisdiction of this court is so fully discussed and defined by the chief justice in the recent cases of *Att'y General v. Railway Companies*, 35 Wis., 425; *Att'y General v. Eau Claire*, 37 id., 400; *State ex rel. v. Kromer* and *Baker, ante*, p. 71, that further discussion of the subject here is uncalled for.   The object of this proceeding is to compel the performance of local official duty in respect to a matter *publici juris*, but of local interest; a matter which does not involve directly the sovereign prerogative or the interest of the state at large.   In *State ex rel. Newell v. Purdy*, 36 Wis., 213, it is said : " The distinction between the election of public officers to whom, for the time being, the exercise of the functions of sovereignty is entrusted, and the mere choice of a site for a public building, is quite apparent.   The former involves, or may involve, the integrity of the government and the preservation of the principles upon which it is founded ; while the latter is only a matter of public convenience or pecuniary interest, involving no fundamental principle whatever." p. 225. In the light of all the cases above cited, it is clear that this is not a proper case for the exercise of the original jurisdiction of this court, unless the disqualification of Judge PARK takes it out of the general rule.

It is argued that unless this court takes original jurisdiction of the case, the proceedings must be commenced in the circuit court for Juneau county, from which the case must necessarily be sent to another circuit for hearing, and that great delay will or may result therefrom.   It is true that, for the reason here urged, we took jurisdiction of the cases of *State ex rel. v. Kromer* and *Baker, supra*, because otherwise the relators would have been delayed in obtaining their rights, and because delay would or might have defeated the object of the proceedings.   The controversy in those cases was for county offices, the term of

which is two years, and of course a protracted litigation would have made judgments for the relators comparatively worthless. Here we have no such case. The right sought to be enforced in this proceeding is of a permanent character, and cannot be destroyed or greatly impaired by delay. Indeed it is not apparent that any considerable delay will necessarily result should this court refuse to take jurisdiction. But, however that may be, we think the relator is not in a position to invoke the extraordinary powers of the court to shield himself or the public from the consequences of delay. The right to commence proceedings to compel the board of supervisors to perform its duty in the premises was just as complete when the annual session for 1874 adjourned, as it is now. At that time, and for several weeks, perhaps months, thereafter, the then judge of the seventh judicial circuit was not (so far as it appears) disqualified to adjudicate the subject matter of this proceeding. Had the proceeding been promptly commenced in the circuit court, it is reasonably probable that final judgment would have been obtained in that court before the present time. After such *laches*, the relator cannot justly complain, if required to prosecute his case in the usual manner and by ordinary processes. The original jurisdiction of this court may, as we have seen, be put in operation in a proper case, to prevent a delay which would otherwise occur, and which would destroy or greatly impair the public right sought to be enforced; but never where (as in this case) the *laches* of the party who invokes the jurisdiction has made the delay probable.

We do not determine any other point made on the argument of the motion.

Of course we do not know what return the board of supervisors can make to the alternative writ of *mandamus*. The board may have legal justification for its action in the matter of the petition. But it is proper to say that if the allegations of the relation are true, the duty of the board under the law of 1872 is plain. In that case the proposition to change the

county seat should be submitted to a vote of the electors as the law requires. If not already ascertained, it may be ascertained within a reasonable time, whether the requisite electors and the requisite number of them have signed the petition; and, if so, the proposition should be submitted in the manner prescribed by the act, to be voted upon at the next general election. It seems to us that there ought not to be any litigation concerning the matter.

*By the Court.* — The motion to quash the alternative writ of *mandamus* is granted.