## LACKAS vs. BAHL and others.

WASTE: FIXTURES: NONSUIT. *(1) Rights of purchaser at foreclosure sale as to fixtures. (2) Prima* facie *proof of waste: Nonsuit.*

1. .After a mortgage foreclosure sale of real property, and before issue of the sheriff's deed thereon, removal by the mortgagor of *fixtures* is *waste*, for which the purchaser may recover damages. R. S., ch. 143, secs. 8, 9.
2. In an action for such alleged waste, it was error to nonsuit the plaintiff after proof that the mortgaged property was a blacksmith shop, and that the articles removed by the defendant mortgagor included door-locks, and certain irons imbedded in the masonry of the forge chimney, and in removing which the chimney was broken; these articles being presumably part of the realty, and the breaking of the chimney being of itself an act of waste.

APPEAL from the County Court of *Brown* County.

Action of waste. The plaintiff having foreclosed a mortgage executed to him by the defendant *Adolph Bahl*, on a certain lot on which was a blacksmith shop, and having purchased the mortgaged premises at the foreclosure sale, the mortgagor, assisted by the other defendants, removed from the shop certain articles of property, which the plaintiff claims were fixtures and passed to him on the sale. The property was so removed while the plaintiff was the holder of the sheriff's certificate of sale, and before he was entitled to a conveyance of the mortgaged premises by virtue thereof. The articles taken from the shop were two large bellows, one vise, one drill, one ox-frame, two irons imbedded with brick and mortar in the forge chimney, two anvils and two door-locks. Some of these articles were firmly attached to the building with screws and bolts, and others by mason work; and in removing them the defendants broke and injured the building to some extent, particularly the chimney. The facts above stated appear from the pleadings and undisputed evidence in the case. The action was brought to recover damages for the

alleged waste thus committed by the defendants.[1]      An injunction is also prayed.

The county court nonsuited the plaintiff; and he appealed from the judgment.

*W. J. Lander*, for the appellant.

The cause was submitted for the respondent on the brief of *John C. & A. C. Neville.*

LYON, J.      If any of the articles taken from the blacksmith shop by the defendants were fixtures, the title to which would pass to the plaintiff by the sheriff's deed under the foreclosure sale, it is not denied that the removal of such property was waste, or that this action may be maintained by the plaintiff to recover damages therefor.      Whether such articles were fixtures, that is to say, a part of the freehold, is the main question argued by the respective counsel, and the only one which we have found it necessary to consider.

It is not deemed advisable to go into an elaborate discussion of the law on this subject, because, as the proofs now stand, we are satisfied that, under all the authorities, some of the articles removed from the shop by the defendants were part and parcel of the freehold, and that the removal of them was waste.      This is presumably true of the door-locks, of the iron fixtures imbedded in the masonry of the forge chimney, and

---

[1] Secs. 8 and 9, ch. 143, R. S. (Tay. Stats., 1695-6, §§ 8, 9) are as follows: "Sec. 8.  If any person shall commit, or threaten or make preparations to commit, any waste on any real estate which shall be attached or levied upon by execution in any civil action, the court from which such execution or attachment shall have issued, or any one of the justices of the supreme court, or a judge of any court of record, shall, on the application of the plaintiff, either in term time or vacation, make an order restraining such person from committing any waste or further waste thereon.  Sec. 9.  Whenever any lands or tenements shall be sold by virtue of a power of sale in a mortgage, the person to whom a certificate of sale may be executed by the sheriff, pursuant to such sale, may maintain an action for waste against any person for any waste committed by such person on the premises after such sale."

perhaps, also, of the ox-frame. The breaking of the chimney to remove such irons was also an act of waste. For these reasons, the nonsuit was improperly granted, and the judgment must be reversed.

On the testimony before us, we purposely abstain from determining any more definitely the character of the alleged fixtures, or the rights of the respective parties therein. The testimony is quite meagre, and in some respects unsatisfactory, and those questions can be better considered and determined after the cause shall have been fully tried.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.