BANDLOW vs. THIEME, imp.

*September 5 — September 27, 1881.*

CERTIORARI: JURISDICTION OF JUSTICES' COURTS. *(1) Proper judgment on* certiorari. *(2) Jurisdiction in actions for waste. (3) Waste defined. (4) This action not properly for waste. (5) Title to realty: how justice's jurisdiction divested.*

1. On *certiorari* to a justice's court, the only proper judgment is one quashing the writ, or affirming or reversing, in whole or in part, the judgment of the justice.
2. This court is inclined to the opinion that a justice's court in this state has no jurisdiction of an action of *waste*, strictly so called.
3. Waste is an act or omission of duty, by a tenant of land, which does a *lasting* injury to the freehold, and tends to the *permanent* loss of the owner of the fee, or to destroy or lessen the value of the inheritance, or to destroy the identity of the property, or impair the evidence of title.
4. The complaint charges that defendant, while in possession of real property under a lease from the plaintiff, wantonly, maliciously, etc., threw and daubed upon the walls and windows of the dwelling house situated on the demised premises, greasy and offensive matter, and that, by negligently and maliciously injuring and destroying a waste-pipe under a sink in said building, offensive water and matter accumulated under said sink, from which an unwholesome and offensive odor emanated and still emanates, and that the premises were thereby injured and rendered unfit for occupancy. *Held,* that the action is for malicious and willful injury to real property, *less than and different from waste* strictly considered, and it is maintainable in justice's court under subd. 7, sec. 3572, R. S.
5. Even if a general denial in the answer to such a complaint were otherwise sufficient to put in issue plaintiff's alleged title to the property (which is not decided), yet such denial would not deprive the justice of jurisdiction, without a tender by defendant of the bond required by the statute.

APPEAL from the Circuit Court for *Milwaukee* County. This action was brought in justice's court by *Bandlow* against *Charles Thieme* and his wife, Theresia Thieme; and the justice's judgment against the defendants was taken by *certiorari* to the circuit court. From the judgment rendered

in that court, *Charles Thieme* appealed.    The case is stated in
the opinion.

For the appellant there was a brief by *Johnson, Rietbrock
& Halsey,* and oral argument by *Mr. Halsey.*

For the respondent there was a brief by *Austin & Runkel,*
and oral argument by *Mr. Austin.*

ORTON, J.    This suit was brought before a justice of the
peace.    The complaint charges substantially that the defend-
ants, during the tenancy of the defendant *Charles Thieme* by
a lease from the plaintiff, unlawfully, wantonly, maliciously,
and with ill-will towards the plaintiff, and with intent to in-
jure him, threw and daubed upon the walls and windows of
the dwelling-house situated on the demised premises, greasy
and offensive matter, and that, by negligently and maliciously
injuring and destroying a waste-pipe under a sink in said
dwelling, offensive water and matter accumulated under said
sink, from which an unwholesome and offensive odor emanated
and still emanates, and that the premises were thereby injured
and rendered unfit for occupancy.    The defendants answered
separately by general denial.    On the trial before the justice,
and on the conclusion of the plaintiff's testimony, the defend-
ants moved for a nonsuit, on the grounds, (1) that none of the
acts complained of were proved to have been done by the de-
fendants; and (2) that the acts complained of are alleged and
proved to have been done while the defendant *Charles Thieme*
was tenant of the plaintiff and in possession.    This motion
was overruled, and judgment was rendered against both of
the defendants for the sum of $110 and costs.

After the hearing of the *certiorari* in the circuit court, the
record recites, " that, having made an order that the judgment
of the court below be affirmed," the court rendered a formal
judgment in favor of the plaintiff and against the defendant
*Charles Thieme* alone, for $110 damages and the costs in the
justice's court and interest thereon, and the costs in the circuit

court, amounting in all to the sum of $162.58. The appeal to this court is from this judgment. This judgment is clearly irregular, and it must be reversed for that reason. The only proper judgment on *certiorari* is to quash the writ, or to affirm or reverse the judgment of the inferior court in whole or in part. 5 Wait's Pr., 447; *Hurlbut v. Wilcox*, 19 Wis., 419; *McNamara v. Spees*, 25 Wis., 539.

.The only assignments of error were — (1) That the justice had no jurisdiction of the subject matter of the action, because it was an action of waste; (2) that the justice had no jurisdiction to try the cause, because the title to real property came in question.

As these questions may again arise on the future hearing of the case, we deem it proper to consider and decide them on this appeal. This is not strictly an action of waste, or an action on the case for waste; nor is the injury complained of waste, within the legal signification of that term. It is an action on the case for wilful and malicious injury to real property, less than and different from waste strictly considered. It is brought to recover damages for wilfully and maliciously placing upon the walls and windows, and under the sink of the tenement, filthy and offensive matter, which was disgusting in appearance and odor, unwholesome and grossly indecent, and, to some extent, detrimental to the agreeable and comfortable enjoyment of the possession by the actual occupant of the building. The injury, as *commissive*, is of the same nature as similar injury *permissive;* as if these parts of the building had been allowed, through mere negligence or carelessness, to become dirty, filthy and offensive, which certainly could not properly be called waste, or want of repairs even. These parts of the building were not destroyed, or materially changed or injured, or removed or deteriorated, but only rendered unseemly and offensive, and their use and enjoyment lessened, by their filthy condition. Waste proper, by injury to such parts of the tenement, would be their destruction, or

material alteration, either irreparable or which could be repaired only by the use of other or the displaced materials for their restoration or reconstruction. This injury is reparable by merely cleansing, or by the removal of the offensive matter from such parts of the building, otherwise remaining in proper condition and intact. Without further illustration, "waste is where any spoil or destruction is made of houses, lands, woods, etc., by tenants to the damage of the heir or him in reversion or remainder." Jac. Law Dic., tit. "Waste." "The destruction or material alteration of any part of a tenement by a tenant (for life or years) to the injury of the person entitled to the inheritance." 1 Steph. Com., 241. Waste and destruction, "*vastum et destructio*," are convertible terms, according to Bracton. Bract., fol. 316b. "It may be committed by alteration as well as destruction of any part of a tenement." 3 Bl. Com., 223; 2 Burrill, Law Dic., tit. "Waste." "It is waste to alter buildings or vary in any manner permanent erections." 6 Wait, Actions and Defenses, 239. Our statute, in providing a remedy for waste, defines it as "of houses, gardens, orchards, lands or woods," conveying the very idea of their physical destruction, alteration or removal. Section 3171, R. S.

The decisions of this court in cases of waste are in accordance with the above definitions, and recognize only such injuries to real property and to the estate thereon as are material and substantial alterations of its physical condition or as cause a diminution thereof. *Willis v. Fox*, 25 Wis., 646; *Lackas v. Bahl*, 43 Wis., 53. And such is the effect of the decisions of all the courts in this country or in England, so far as I have been able to find. Then, again, the injury to real property, to constitute waste, must be of a permanent character. "It may be defined to be any act, or omission of duty, by a tenant of land, which does a *lasting* injury to the freehold, tends to the *permanent* loss of the owner of the fee, or to destroy or lessen the value of the inheritance, or to destroy

the identity of the property, or impair the evidence of title."
6 Wait, Actions and Defenses, 238. This exact and compre-
hensive definition embraces all possible cases of waste proper
found in modern adjudications; and this case is clearly outside of
this enlarged rule. Burrill, in summing up all of the various
definitions of waste, says: " And, in general, whatever does a
*lasting* damage to the freehold or inheritance, is waste." 2
Burrill, *supra*. The damage being to the inheritance, and the
heir or the reversioner having the right of action to recover it,
imply that the injury must be of a lasting and permanent char-
acter. The damages to be recovered in an action on the case
for waste clearly indicate that the injury must not only be of
a material and permanent character, but necessarily of con-
siderable loss to the inheritance and damage to the heir. It is
a penal action, and by our statute double the actual damages
must be assessed and constitute the judgment, and by statutes
elsewhere a still higher penalty is affixed. In an action for
waste, where the damages are occasioned by the destruction
of a part of the freehold, but are very slight, the action will
not lie. *Harvey v. Harvey*, 41 Vt., 373; *Sheppard v. Shep-
pard*, 2 Hayw., 382. And at common law the actual damages
must have exceeded a certain amount to justify an action of
waste. *Harrow School v. Alderton*, 2 B. & P., 86; *Rigg v.
Parsons*, 2 East, 156. To constitute waste, as between mort-
gagor and mortgagee, the injury threatened must be so mate-
rial and permanent as to diminish the value of the land
as security to an extent which would justify a court of equity
to interpose by injunction. 6 Wait, Actions and Defenses, 147.

In this case the actual damages to the property are, compar-
atively, very slight, and the *gravimen* of the complaint
appears to be the malicious character of the act, and the per-
sonal outrage and annoyance to the landlord or reversioner. By
all authorities, and in any reasonable view which can be taken
of this case, the acts complained of do not constitute waste,
although they may be somewhat in the nature of both waste

and nuisance.  This is an injury to real property, wilfully and maliciously done, less than and materially differing from waste, and we think the action is maintainable before a justice of the peace, by authority of subdivision 7, sec. 3572, R. S.  The refined distinction, plausibly urged by the learned counsel of the appellant, that this clause only confers jurisdiction upon a justice in actions for injury to *land*, and not to the *estate* of the reversioner, cannot exist.   Waste is an injury to corporeal real property, some part of which is destroyed or materially changed, as we have seen by the authorities, and an action for it may be maintained by the reversioner, and must be against a tenant.   Can it therefore be said that waste is not an injury to *land*, but only to the estate of the reversioner?   It is inconceivable how the estate of the reversioner can be injured by the acts complained of without corporeal injury to the real property itself, or how the property can be corporeally injured by the acts complained of without injury to the estate of the reversioner.   In this view of the case it is immaterial whether a justice has jurisdiction by our statute in actions for waste or not.   We are inclined to think, however, that, although the language of the statute does not make the jurisdiction of the circuit court exclusive, in terms, in such an action, from the nature of the action, and the remedies of double damages and injunction, it is exclusive in that court.   Section 3179 authorizes an injunction to restrain further waste "after the commencement of *any* action of waste."   Such injunction could not be granted by a justice.

The remaining question is, whether the justice had jurisdiction of the cause by the plaintiff's allegation of title or by the general denials of the defendants.

The learned counsel of the appellant based his argument upon this question entirely upon the supposed omission from the Revision of 1878 of the provision found in section 56, ch. 120, R. S. 1858.   That provision is: "If it appear on the trial, from the plaintiff's own showing, that the title to lands

is in question, which title shall be disputed by the defendant, the justice shall dismiss the cause," etc. This provision was not omitted, as supposed by the learned counsel, but is in the present Revised Statutes as section 3636.

It is not necessary to decide whether the general denial in such a case puts the title in issue, or disputes it, so as to require the plaintiff to prove it. If the general denials here do not put the title of the plaintiff in issue, and show that it will come in question, then the title need not be proved, but is admitted, and the justice may try the cause. If the title of the plaintiff is disputed by the general denials, and it is thus shown by the answer that the title to lands will come in question according to section 3619, then, no bond having been delivered by the defendants, as required in such case by the next succeeding section, the justice properly proceeded with the cause. The justice certified in his return that no question of title was raised on the trial, and there could not have been properly, for it was waived by the omission to give the bond required, even if the general denials put the title in issue; and the relation of landlord and tenant was shown to have existed at the time the acts complained of were committed, and the tenant could not dispute the title of the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.