IN RE COURT OF HONOR OF ILLINOIS.

*March 1 — March 19, 1901.*

*Supreme court: Original jurisdiction, when exercised.*

1. "The original jurisdiction of the supreme court extends to all judicial questions affecting the sovereignty of the state, its franchises or prerogatives, or the liberties of its people."
2. If any given case satisfies the test above indicated, the court may exercise its jurisdiction or not as it sees fit, where the circuit court has concurrent jurisdiction.
3. In a case falling within the original jurisdiction of the court, the general rule is not to exercise it where the primary right to be vindicated is of a private nature, though the question involved is *publici juris*, and even though a state officer is a party.
4. No departure from the general rule indicated will be made unless the circumstances are of such an extraordinary character that adequate relief cannot be obtained by first resorting to the jurisdiction of the circuit court. Mere delay, or even irreparable loss to a private person, will not necessarily be deemed sufficient.

[Syllabus by MARSHALL, J.]

Application for the exercise of the original jurisdiction of this court to compel Emil Giljohan, commissioner of insurance of the state, to grant a license to the relator to do business in this state. The petition is to the following effect: The relator is a corporation duly organized under the laws of the state of Illinois as a fraternal beneficiary association. Its purposes are to furnish life endowment and pecuniary benefits to the beneficiaries of its deceased members, also accident and permanent indemnity to its members, and to encourage them in business and assist them in obtaining employment; also to promote benevolence and charity. The membership is confined to white persons. The jurisdiction of the corporation extends to and includes the state of Wisconsin. January 22, 1891, it applied to the commissioner of insurance of this state for a license under sec. 1955*e*, Stats. 1898, and complied with all the requirements

VOL. 109 — 40

of the statute necessary to the granting of such application. The commissioner, though admitting that the application was in conformity to law, refused to grant the same solely upon the ground of relator's rate of assessment being too low to enable it to conduct a safe business.   After such denial the commissioner proposed to reconsider the matter upon making an examination of the relator's affairs according to paragraph 241 of the Insurance Laws of Wis. [sec. 1968, Stats. 1898].   After such proposition was received by the relator and its attorney, it again demanded a license, which was refused for the same reason as before.   The petitioner has made preparation to do business in this state, and its failure to obtain the necessary license is causing it irreparable damage.   The application is made for the exercise of the original jurisdiction of the court because a resort to a circuit court would be attended by great delay.   The question involved is purely one of law and is a question of general interest to the state.

An alternative writ of *mandamus* was prayed for.

*H. W. Chynoweth,* for the petitioner.

MARSHALL, J.   The question presented for decision is, Should the original jurisdiction of this court be used where the primary right sought to be vindicated is private, even though a state officer is concerned as a party and the question involved is in some respects *publici juris?*   The general limits of the original jurisdiction of the court were declared in *Attorney General v. Railway Cos.* 35 Wis. 425, thus: "It extends to all judicial questions affecting the sovereignty of the state, its franchises or prerogatives, or the liberties of its people."  " *Quod ad statum reipublicæ pertinet.*" That doctrine, since declared, has been rigidly adhered to as being strictly in accord with the intent of the framers of the constitution.   *State ex rel. Drake v. Doyle,* 40 Wis. 175; *State ex rel. Cash v. Sup'rs of Juneau Co.* 38 Wis. 554; *State*

*v. St. Croix Boom Corp.* 60 Wis. 565; *State ex rel. Att'y Gen. v. Cunningham,* 81 Wis. 444; *State ex rel. Radl v. Shaughnessey,* 86 Wis. 646; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591. The rule for measuring the original jurisdiction of the .court was so exhaustively and ably discussed by the learned chief justice who wrote the opinion in *Attorney General v. Railway Cos., supra,* that no one since that time has ventured to enlarge upon what was there said. As a statement of premises, clear demonstration of the correctness thereof, and deduction of an indisputable conclusion, the opinion of the learned chief justice has always challenged and readily received the admiration of the judiciary and the profession, and will continue to do so.

The test of when a given case comes within the limits stated, of the original jurisdiction of the court, is not whether the wrong sought to be redressed is a proper subject for the use of one of the writs mentioned in the constitution, for in respect to such jurisdiction, while the writs are given not in aid of but for jurisdiction, it does not extend to all cases where one of such writs or the Code substitute therefor is proper, but stops at the limits of the prerogatives of sovereignty. It follows that if the question involved comes within the limits of the court's original jurisdiction as it has been defined, then and then only does judicial power to use one of the prerogative writs in the exercise of it follow. So every case is to be decided, not by the scope of any particular writ. The test is, Does the wrong to be redressed affect the sovereignty of the state, its franchises or prerogatives, or the liberties of its people? If we pass that test, the rest involves mere means of exercising jurisdiction or judicial discretion as to whether the jurisdiction ought to be used under the circumstances of the given case.

Coming to the question of whether controlling a state officer in the performance of his legal duties, where the right to be vindicated is purely private, though the question

is *publici juris*, is within the jurisdictional limits stated, we find that the previous holdings of the court do not furnish a definite guide in a case exactly like this. The precise question on the precise facts does not appear to have been discussed or decided, though it has many times been discussed and decided in principle. Jurisdiction was assumed in *State ex rel. Covenant M. B. Asso. v. Root*, 83 Wis. 667. No question of judicial power, however, was raised by counsel or referred to in the opinion of the court. In *State ex rel. Drake v. Doyle*, 40 Wis. 175, the proceeding was to compel the revocation of a license which it was claimed the secretary of state, in defiance of a positive statute, had refused to revoke. Jurisdiction was taken upon the ground that the judicial question affected the whole state in one of its prerogatives, that is, its right to say when a foreign corporation should be privileged to do business in this state, and that so far as it involved a private right such right was secondary to the main object of the suit. The doctrine of the decision is that if in any given situation (the *quod ad statum reipublicæ pertinet*) the effect upon the prerogatives of the state, its privileges or franchises, or the effect upon the liberties of its people, is involved, supreme jurisdiction exists, whether the wrong calling for redress be merely private, or private and public, or purely public. While the fact that the chief or the only purpose is to vindicate a private right does not militate against the jurisdiction of the court, the question of whether it ought to allow the use of its jurisdiction in the particular instance, or in a particular class of cases, is thereby affected. The mere presence of a private relator having a special interest neither gives, nor his dropping out, having once entered the arena, takes away, jurisdiction. The court being once in possession of the litigation within its original jurisdiction, whether set in motion by a private relator or without any relator, it may proceed to vindicate the public right involved, notwithstanding the private interest disappears.

In re Court of Honor of Illinois.

The next question is, Ought the court to lend its jurisdiction in a case like this,— one in which the wrong to be redressed, if any there be, is of a private nature, though it comes within the general limitation of the court's original jurisdiction. On that, if we follow cases where the question has been considered and decided, ignoring the recent case of *State ex rel. Covenant M. B. Asso. v. Root*, 83 Wis. 667, as a precedent, where, as above stated, no question of jurisdiction was considered, there is no difficulty. "It is well settled," says RYAN, C. J., in *State ex rel. Drake v. Doyle*, 40 Wis. 175, "that so far as the private right of a relator is concerned this court will not take jurisdiction." Further, it was said, in effect, while the writ may go on the relation of a private individual and involve a private right, where a public and private right meet, the jurisdiction will be called into activity for the public right primarily, though the private right may be incidentally vindicated. So it seems that where, if there is a public right, it is merely incidentally affected, and the real subject of the writ, if issued, will be to redress a private wrong, though necessarily in the name of the state and possibly against an administrative or other officer thereof, the moving party should be sent to the circuit court as the most appropriate tribunal to hear his complaint in the first instance. That was the rule announced, in the main, as early as *State ex rel. Board of Education v. Haben*, 22 Wis. 101. That case, in principle, covers the question here for decision, though the purpose thereof was to reach a local officer. It was followed by *State ex rel. Cash v. Sup'rs of Juneau Co.* 38 Wis. 554. This court took jurisdiction in *State ex rel. Raymer v. Cunningham*, 82 Wis. 39, where the right of the state superintendent of public instruction to compensation for expenses in addition to his salary pursuant to an act of the legislature, was involved, but that was in harmony with previous decisions of the court. The primary right was of a public character. The

In re Court of Honor of Illinois.

people of the whole state were interested. The same was true in *State ex rel. Att'y Gen. v. Cunningham*, 81 Wis. 440, and *State ex rel. Lamb v. Cunningham*, 83 Wis. 90. The jurisdiction of the court was invoked in both of those cases by a private relator who had no greater interest in the question involved than any other citizen of the state, but such question was one solely of public interest.

In *State ex rel. Covenant M. B. Asso. v. Root*, 83 Wis. 667, as before indicated, the primary right involved was private. In harmony with previous decisions of the court as to the use of its original jurisdiction, it might well have declined to entertain the case. The jurisdiction of the circuit court was ample and no special reason was given for not resorting to that tribunal, other than might have been given in almost any case, or other than is given in this case. Mere delay, or even irreparable loss to a private party, is not necessarily sufficient to warrant this court, whose chief function is appellate jurisdiction,— in which field there is ample opportunity for the exercise of all its industry,— in opening the door of its original jurisdiction. Otherwise that door would be swung so often as to necessarily interfere with the efficient performance of the duties of the court in its principal field of labor. That has been the idea entertained here since *State ex rel. Covenant M. B. Asso. v. Root* was decided, though it has not been promulgated by legal opinions or by any rule of court, so as to bring it sufficiently to the attention of the profession to prevent frequent applications for prerogative writs to secure mere private rights. There have been many of such applications in recent years, but they have been uniformly denied. It would require considerable labor to cite all the instances where that has occurred, but the following are sufficiently significant to emphasize what has been said: *In re Guarantors Liability & Indemnity Co.*, application for writ of *mandamus* to compel the commissioner of insurance to cancel the revocation of a license,

In re Court of Honor of Illinois.

denied October 17, 1896. Court Journal B2, p. 390. *State ex rel. Fidelity & C. Co. v. Fricke,* application for writ of *mandam us* under circumstances similar in principle to those in the above case, denied March 28, 1898. Court Journal C2, p. 431.[1]

. It is believed that the position of the court as above indicated is in strict harmony with the intent of the constitution in conferring upon it original jurisdiction extending to matters that are also placed within the jurisdiction of circuit courts. The jurisdiction of the latter was intended to be first exhausted, except in instances where, in the judgment of this court, the interests involved might be deemed to be of such supreme importance or in such immediate serious danger, as to call upon it to rest from its ordinary jurisdiction to give room for the exercise of its extraordinary power, rather than that such interest should suffer by delay. Obviously, in this view, the court must be governed, in a great measure, as to when and when not to allow its original jurisdiction to be called into activity, by the amount of its ordinary business. That was declared in 1867, in the case to which we have already referred. *State ex rel. Board of Education v. Haben,* 22 Wis. 101. It was there said, in effect, the court will not take jurisdiction in a case against a local officer where the circuit court has concurrent jurisdiction, in the absence of special circumstances requiring it. The court said further, "Considering the onerous duties necessarily devolving upon the members of this court, we do not feel like encouraging the bringing of causes here which can quite as well be attended to in the circuit courts. . . . Whenever there is anything in the application which shows that it would be unavailing if made at the proper circuit, or where, from the nature of the question involved, it would seem necessary and proper that the suit be commenced in

[1] In neither of these cases was any opinion filed upon denying the application.—REP.

the supreme court, jurisdiction will be entertained.    Otherwise it will not be, but parties will be required to make their application to the circuit court." Since that was said the labor of this court has been more than trebled, which, as it seems, not only warrants extending, but demands the extension of, the rule announced, so as to generally exclude from original jurisdiction here cases where the state or one of its officers is directly interested as a party, if the purpose of the application is to redress a mere private wrong, and to require extraordinary circumstances as to any of the excluded class of cases to justify making an exception to such rule.

*By the Court.*— The application is denied.