## IN RE MIELKE.

*January 15—February 2, 1904.*

Certiorari: *Supreme court: Original jurisdiction: "Cannot be made elsewhere:" "Peculiar and satisfactory reasons."*

1. The business of the supreme court is confined to the exercise of its appellate jurisdiction, except in cases of applications where, "for peculiar and satisfactory reasons . . . they are not or cannot be made elsewhere."

2. The term "cannot be made elsewhere" refers to disability as to jurisdiction.

3. The term "peculiar and satisfactory reasons" refers to those circumstances rendering the exercise of jurisdiction elsewhere in the given case inadequate to remedy or prevent the wrong,— insufficient to afford any substantial remedy.

4. Mere importance of obtaining a speedy final settlement of a controverted question, even of a public nature, short of necessity in that regard to prevent irremediable loss of valuable rights, does not satisfy the call for peculiar and satisfactory reasons.

5. In the foregoing sense the rule as to the exercise of original jurisdiction here to review or control the conduct of other courts, the rule is that this court will not exercise such jurisdiction "when there is another adequate remedy, by appeal or otherwise, nor unless the exigency is of such an extreme nature as obviously to justify and demand the interposition of the extraordinary superintending power of the court of last resort."

6. To the foregoing, in conformity to legislative policy, an exception is made as to actions against the state involving its revenues.

[Syllabus by MARSHALL, J.]

CERTIORARI to the county court of Milwaukee county: PAUL D. CARPENTER, Judge.  *Writ quashed.*

*Greta Mielke,* by proceedings under the statute, was committed to the Wisconsin Home for Feeble-Minded February 12, 1901. February 20, 1903, upon a petition by the father of the girl to have the commitment and the proceedings leading up to the same declared void, the county court, assuming that it had jurisdiction of such a matter, exercised it and granted such petition. A writ of *certiorari* was allowed by one of the justices of this court to remove the proceedings in the county court to this court for review on jurisdictional questions. They were removed accordingly by a due and proper return of and to the writ.

The cause was submitted for the petitioner on the brief of the *Attorney General* and *L. H. Bancroft,* assistant attorney general, and for the respondent on that of *Fiebing & Killilea.*

MARSHALL, J. At the outset respondent challenges the right of the petitioner to the remedy invoked, upon the ground that there is a full and adequate remedy by proceedings in the county court of Milwaukee county, and that, under such circumstances, this court should not exercise its jurisdiction. We see no escape from that, otherwise than by directly or in effect overruling a long line of decisions. Counsel for the petitioner stand on *Hurlbut v. Wilcox,* 19 Wis. 419, where the rule was laid down that the business of the court would be confined to its appellate jurisdiction except in case of an application where, for "peculiar and satisfactory reasons . . . it is not or cannot be made elsewhere." It is insisted that the importance of the question here involved, as regards the administration of the statutory system for the protection and care of a large class of unfortunates, and the fact that a final decision can only be made here, should be deemed ample to satisfy the calls of that rule. If that were so, then a decision by a justice court, or any court of inferior jurisdiction, of a question of private right also involving necessarily a question of great public interest,

could be presented here directly for review, regardless of the facilities afforded for presenting the same to a circuit court having full jurisdiction to remedy any wrong committed, subject to a review upon appeal, and regardless of the fact that, subject to such review, not only is a complete remedy afforded in the circuit court, but a much more speedy one. True, it is important in many cases to have a final decision without the necessity of traveling the usual road to reach it; but if that were sufficient, coupled with importance of the question involved, whether from a public or a private standpoint, to warrant invoking the jurisdiction of this court, it would have to turn aside from the performance of its ordinary duties to such an extent as to seriously impair its efficiency to perform the same.

In many recent cases suggestions have been made as to the essentials to satisfy the rule as regards "peculiar and satisfactory reasons," mentioned in *Hurlbut v. Wilcox.* In *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081, jurisdiction was taken because of an entire miscarriage of justice in the court below on a matter of vast importance, where a remedy more expeditious than that afforded by appeal was absolutely necessary to prevent irremediable loss of valuable rights of many persons. It was said, in effect, that the petitioner had really no remedy except in form, other than that within the power of this court to afford by the exercise of its power of superintending control. Jurisdiction was entertained solely for that reason, it being said that where a timely remedy, full and complete except in so far as it is subject to review by this court, is afforded in the circuit court, jurisdiction of the latter should be invoked in the first instance. That has since been affirmed and reaffirmed. *State ex rel. Meggett v. O'Neill,* 104 Wis. 227, 80 N. W. 447; *State ex rel. Mitchell v. Johnson,* 105 Wis. 90, 80 N. W. 1104; *State ex rel. Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158; *In re Court of Honor of Illinois;*

109 Wis. 625, 85 N. W. 497; *State ex rel. Tewalt v. Pollard,* 112 Wis. 232, 87 N. W. 1107.

In the last case cited it was said:

"This court will not exercise its jurisdiction when there is another adequate remedy, by appeal or otherwise, nor unless the exigency is of such an extreme nature as obviously to justify and demand the interposition of the extraordinary superintending power of the court of last resort of the state."

The exception to that, found in *State ex rel. New Richmond v. Davidson,* 114 Wis. 563, 88 N. W. 596, 90 N. W. 1067, is based, as will be seen by an examination thereof, on the legislative policy indicated by sec. 3200, Stats. 1898, that suits against the state, the successful termination of which in favor of the prosecutor would result in depleting the state treasury, should be brought in the supreme court.

It seems, in view of what we have said, that we should hold that the writ here was improvidently granted.

*By the Court.*—The writ of *certiorari* is quashed and the proceedings dismissed, with costs to respondent.