## E. Peterson

v.

## James M. Lawrence.

1. Certiorari.—The office of the writ of certiorari is to bring before the court awarding it the record of the proceedings of the inferior tribunal, and if from the record it shall appear the proceedings of the inferior tribunal were irregular for want of jurisdiction of the parties and subject matter, or the court exceeded its jurisdiction, or otherwise proceeded in violation of law, the court should quash and vacate the entire proceedings, otherwise it should dismiss the writ.

2. Same—Laches.—Mere lapse of time alone, short of the limitation for prosecuting a writ of error, will not bar the issuing of a common law writ of certiorari.

3. Justice of peace exceeding jurisdiction—Drainage commissioner.—Appellant, a justice of the peace, in August, 1885, upon the petition of a land owner in the district, issued a citation commanding appellee, who had been appointed in 1879 a drainage commissioner by appellant's predecessor, to appear before him and make report. Appellee reported, appellant made an order rejecting appellee's report, finding the sum of $5,214.99 in his hands belonging to said district, and ordering him to pay over and deliver the same, together with books, etc., to the three commissioners appointed by appellant as appellee's successors. Upon writ of certiorari, *held*, that the court properly quashed the proceeding and order.

Appeal from the Circuit Court of Madison county; the Hon. William H. Snyder, Judge, presiding. Opinion filed January 8, 1887.

Mr. W. P. Bradshaw and M. H. S. Pettingill, for appellant; as to writ of certiorari, cited Murray v. Murphy, 16 Ill. 277; Cushman v. Rice, 1 Scam. 566; White v. Frye, 2 Gilm. 65; Lord v. Burke, 4 Gilm. 367; Russell v. Pickering, 17 Ill. 32; First Nat. Bank v. Beresford, 78 Ill. 392; Hough v. Baldwin, 16 Ill. 295; Clifford v. Waldrop, 23 Ill. 337; Davis v. Randall, 26 Ill. 245.

Mr. John G. Irwin, for appellee; cited Doolittle v. G. & C. U. R. R. Co., 14 Ill. 381; C. & R. I. R. R. Co. v. Fell, 22 Ill. 333; C. & R. I. R. R. Co. v. Whipple, 22 Ill. 105; Com'rs v.

Supervisors, 27 Ill. 140; McManus v. McDonough, 107 Ill. 95; Gerdes v. Champion, 108 Ill. 137; Supervisors v. Magoon, 109 Ill. 142; Deer v. Cornis, 109 Ill. 479; Ennis v. Ennis, 110 Ill. 78; Hamilton v. Harwood, 113 Ill. 154.

GREEN, J. On Dec. 29, 1879, W. H. Wilson, justice of the peace, before whom the "elm slough cut-off drainage district" was organized, appointed appellee drainage commissioner thereof under the drainage act then in force. Appellee accepted the appointment, qualified, entered upon the duties of and held said office from that date. The tax levied to construct the works of said district was originally $5,000, afterward reduced by said justice to $4,200. On Aug. 25, 1885, appellant, a justice of the peace and the successor in office of said Wilson, upon the petition of a land owner in said district, issued a citation commanding appellee to appear before him on Sep. 2, 1885, and render an account of the money collected by him as commissioner, the manner in which the same was expended, also an itemized account, under oath, of the amount due him for services and expenses from the date of his appointment. On September 2d appellee appeared as commanded; the proceeding was continued until September 11th, when appellee again appeared, filed his report as such commissioner, showing the amount collected and how the same had been expended; also an itemized account, under oath, of such receipts and expenditures, including the amount he claimed for his services as commissioner; the proceeding was then again continued until Oct. 17, 1885, at which time appellee appeared and also three persons claiming to be commissioners of said district, appointed by the order of appellant on Sep. 7, 1885.

These three persons claiming to be such commissioners, filed objections to said report of appellee with appellant, who heard evidence, and on Oct 17, 1885, made an order, in substance, finding $5,214.99 in the hands of appellee, as such commissioner, belonging to said district, ordering him to pay said sum to said three persons, Moore, Shirmer and Strickeljohn, as his successors in office, and deliver to them all books, papers, bids and contracts in his possession, belonging to said district, and

disallowing and rejecting said report, and disallowing orders to the amount of $2,754.70, upon the treasurer of said district, issued to contractors by appellee as commissioner.

On Nov. 11, 1885, appellee filed his petition for the common law writ of certiorari, in the circuit court, to reverse and quash said order and proceeding, setting forth the foregoing facts, proceeding and order; also alleging said Moore, Shirmer and Strickeljohn had been instructed to demand from petitioner said sum so ordered to be paid them, and to bring suit on his official bond to recover the same upon his refusal to make such payment to them; that petitioner had no knowledge of the appointment by the county court of commissioners to succeed him in his office or of any order removing him therefrom, or of the appointment of said three named persons as commissioners of said district by any court having authority; that appellant did not have jurisdiction to make said order or pass upon, approve or reject said report of petitioner or to order the payment of said sum, or delivery of said books, etc., to said pretended successor in office; that by law no appeal from said order is provided; prays for writ of certiorari requiring Peterson to certify and bring before the circuit court the record of said proceeding, citation and petition therefor, report of petitioner, vouchers accompanying the same, notices pertaining to said proceeding, papers and orders made therein. The writ as prayed for was issued.

Appellant appeared at the return term in the circuit court and moved to quash the writ; the motion was denied, and thereupon appellant filed his return to the writ set up therein, and brought before the court the record of proceeding, order, etc., as commanded in the writ, and also set up in his return, and brought before the court an order (not a part of said proceeding) made by him as justice of the peace and successor in office of said Wilson on Sep. 7, 1885, appointing said three persons commissioners of said drainage district, together with their official oath and bond approved by him.

The court heard the cause upon the record, found appellant exceeded his jurisdiction as justice of the peace in said proceeding and acted contrary to law, whereupon appellant

entered his motion for a new trial, which the court overruled, and ordered that the record of said proceeding be quashed and appellant pay the costs, to reverse which order this appeal was taken.

We deem it unnecessary to advert to other than three of the points made by counsel for appellant and insisted upon as sufficient to require reversal; and of these, first, it appears appellant, upon the hearing in the court below, asked to be permitted to introduce evidence to prove that said Moore, Shirmer and Strickeljohn, after their appointment and qualifying as commissioners, organized, by electing Moore chairman, Shirmer secretary, and appointing a treasurer—not one of their number—who gave bond as required by law, and after so organizing, collected money belonging to the district, made contracts, and paid out money in the name of the district. Upon objection being made on behalf of appellee, this evidence was not admitted by the court and such decision is assigned for error.

To be admissible, the evidence should prove or tend to prove facts relevant to support appellant's proposition "that the writ of certiorari ought to have been quashed." Counsel for appellant claim it was relevant because if admitted, the facts would have been proven that said three persons, claiming to be duly appointed drainage commissioners, qualified and entered upon their duties as such by collecting money, making contracts and paying out money in the name and on behalf of said drainage district, and these facts, if established, required the quashing of said writ because the parties affected by such acts could not be placed in "*statu quo*" if the record and order complained of be quashed.

We do not think so. The only parties that could be affected by such acts were Moore, Shirmer, Strickeljohn, those with whom they dealt, and the drainage district. The three claiming to be commissioners and those with whom they dealt were bound to know the law, and all acted at their peril in so dealing together; if money belonging to the district was unlawfully collected and expended, those doing such unlawful acts would be liable to the district for the money so collected and

Peterson v. Lawrence.

received, and the contracts made on behalf of the district without lawful authority were not binding; and as nothing in the record or refused evidence indicates that the pretended commissioners or those with whom they dealt, were not able to refund all money by them unlawfully received and expended belonging to the district, or that the district could not collect it of them, no right of the public is interfered with or the district made liable to loss by quashing the proceeding and order of appellant. The refused evidence was not relevant to support any lawful defense and ought not to have been admitted. It is not insisted on behalf of appellant that appellee was not entitled to the common law writ of certiorari, because by statute he is given the right to appeal and because he was guilty of laches in not taking an appeal from the judgment in the ordinary way. The common law writ of certiorari will lie only to inferior tribunals or jurisdictions, where no appeal or other mode of directly reviewing their proceedings is provided by law; and we apprehend the case at bar comes directly within the exceptions named in this rule, because we find no right of appeal provided for in this class of cases, either in the general statute relating to justices of the peace or in the drainage act under which the appellant claims jurisdiction, and such right is not given by the common law; nor was appellee barred from the remedy of certiorari, either because he failed to take an appeal, which would have been nugatory, or because of an unreasonable delay in applying for the writ. The proceeding before appellant ended and the order complained of was made Oct. 17, 1885, and the petition for the writ was filed Nov. 11, 1885. Mere lapse of time alone, short of the limitation for prosecuting a writ of error, will not bar the issuing of a common law writ of certiorari, and in this case nothing appears to have been done during the period between October 17th and November 11th based upon the assumed validity of the proceeding and order sought to be quashed, by reason of which the declaring such proceeding and order invalid would result in producing great public detriment and inconvenience. Hence the delay mentioned was not such laches as barred appellee from this remedy, and the

motion to quash the writ was properly overruled. Hyslop v. Finch, 99 Ill. 179. The remaining and important question is, had appellant, as the successor in office of Wilson, jurisdiction to entertain objections to the report made to him by appellee as drainage commissioner of "the elm slough cut-off drainage district," hear evidence in support of said objections, thereupon reject said report and make the order complained of?

We are asked on behalf of appellant to hold such jurisdiction to have been given him by the drainage act of 1879, as changed and amended by the drainage acts of 1881, 1883 and 1885; and to support this view, Secs. 46, 47, act 1879, Sec. 37, act of 1881, Secs. 26, 33, 42, 46, act of 1883, Secs. 26½, 37, 42, 44, 48, 49, 55, 58, 62, act of 1885, are cited and relied on. We have examined each of said sections and also the several acts, but fail to find therein provisions giving appellant the power and jurisdiction claimed for him. We do find that by the provisions of the act of 1879, appellee was lawfully appointed drainage commissioner, although the estimated cost of the work of the district was $5,000, and that appellee became bound to perform the duties of that office, among which (up to July 1, 1885,) one was, to report to the justice who appointed him or to his successor in office at least once a year, the amount of money by him collected as commissioner and how the same was being done, and penalties for failure to make such report were provided by the statute; but no provision is made in either or any of said acts, whereby the justice appointing, or his successor, shall hear objections to such report, evidence in support thereof, judicially determine the amount of money belonging to the district in the hands of the commissioner, or direct the payment of it by him to persons named by the justice.

By the act of 1885, Sec. 41, the law was changed, and the report before then required to be made to the justice, is to be made to the county court, and thereupon certain proceedings, not mentioned in prior acts, are to be had touching said report.

The conclusion reached from the examination made is, that appellant had no authority or power under any law in this State, to proceed as he did and make the order rejecting

Peterson v. Lawrence.

appellee's report, finding the sum of $5,214.99 in his hands belonging to said district, ordering him to pay over and deliver the same together with books, etc., to Moore, Shirmer and Strickeljohn as his successors in office, and disallowing orders issued by appellee. By referring to Sec. 48 of the act of 1886, it will be seen where the cost of the proposed ditch, etc., will not exceed $2,000, the proceedings for organization may be had before a justice of the peace, and by Sec. 49, same act, in such case the justice shall appoint three commissioners for the district.

By Sec. 62, same act, is provided: "On the first Monday of September, 1885, in each district heretofore organized under this act, and on the first Monday of September after any district may be hereafter organized under this act, the county court shall appoint three commissioners for each respective district, one to serve one year, one for two years, and one for three years, from the date of the first appointment under this section, and on the first Monday of September of each year thereafter, the court shall appoint one commissioner of said district, who shall hold his office for three years, and until his successor is chosen and qualified." From these sections of the act, in force July 1, 1885, it appears the power to appoint successors in office to appellee is vested and was vested in the county court, and not in appellant, at the time the latter assumed to appoint such successors. And by Sec. 65, same act, appellee is required to pay over and deliver the money, books, etc., in his hands as commissioner, to those appointed his successors by the county court, and they are the only body when qualified and organized who could lawfully receive the same from him. This being the law at the time appellant ordered appellee to pay over and deliver to Moore, Shirmer and Sticklejohn money, books, etc., belonging to the district, such order was not only made without authority but required appellee to do an unlawful act in violation of his official duty. When the county court appoints his successors, and they qualify and organize, he can lawfully transfer and deliver to them the funds and property of the district in his hands and be protected in so doing; and if the county court refuse or neglect

to appoint his successor, it can be compelled to act by mand:-
mus. We think none of the errors assigned are well assigned.
The duty of the court below in the premises was imperative
to render judgment as it did. Whatever may be the differ-
ence in character and extent of remedy afforded by the com-
mon law writ of certiorari under the decisions of courts of last
resort in different States, our Supreme Court has defined and
settled it in this State. If, from the record, it shall appear the
proceedings of the inferior tribunal were irregular for want of
jurisdiction of the parties and subject-matter, or the court ex-
ceeded its jurisdiction, or otherwise proceeded in violation of
law, the court should quash and vacate the entire proceeding,
otherwise dismiss the writ. Commissioners v. Supervisors, 27
Ill. 140.

The object of the writ is to have the proceeding of the in-
ferior court quashed and annulled altogether. The hearing of
the common law writ of certiorari consists of an inspection by
the court of the record brought before it, for the purpose of
determining whether the inferior tribunal has proceeded irreg-
ularly or exceeded its jurisdiction. Deer v. Commissioners,
109 Ill. 379, and cases there cited.

" The office of the writ is only to bring before the court,
awarding it the record of the proceedings of the inferior
tribunal, and the judgment must either be that the writ be
quashed and a procedendo awarded, or that the record of the
proceeding be quashed." Hamilton v. Town of Harwood, 113
Ill. 154. The court below inspected the record, followed and
adopted the rule announced in the cases cited and thereupon
quashed the proceeding and order complained of. The judg-
ment is right and is affirmed.

Judgment affirmed.